## HUBBELL vs. CLANNON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

In judicial proceedings, when the contrary is not shown, or does not appear, the presumption is that they were regular.

Where the judgment expresses that it was confirmed and made final *on due proof of the plaintiff's demand*, it is sufficient grounds according to article 315 of Code of Practice.

The neglect of the clerk to record the judgment cannot authorize its reversal.

A judgment becomes final *three days after* its rendition, although prematurely signed.

The maker of a note cannot complain that judgment was not rendered against him and the endorser *in solido*, even when they are both sued.

Damages as for a frivolous appeal will be given when the points relied on by the appellant are untenable and frivolous.

This is an action against the maker and endorser of a promissory note. On making judgment by default final, it was confirmed against the maker alone. He appealed, and assigned various grounds as error apparent on the face of the record and proceedings.

*Jones,* for the plaintiff.

*G. B. Duncan,* for the appellant.

EASTERN DIST.
*May,* 1839.

HUBBELL
*vs.*
CLANNON.

*Martin, J.,* delivered the opinion of the court.

The defendant and appellant assigns the following as errors apparent on the face of the record :

1. It does not appear that three judicial days elapsed between the judgment by default, and the final judgment.

2. The judgment by default does not express the grounds upon which it was rendered.

3. The judgment is not countersigned by the clerk of the court, nor does it appear that it was ever recorded in the record book, required by law·to be kept for that purpose.

4. It appears that the judge signed the final judgment on the same day on which it was rendered, contrary to law.

5. It does not appear that the deposition on which judgment was confirmed was taken in open court, or that the defendant had notice of the time and place at which it was to be taken.

6. The petition prays judgment against two persons *in solido,* alleging them to be thus liable; yet it does not pronounce the defendant Clannon liable *in solido,* which is never presumed; and it is given against him for the whole amount claimed.

I. The judgment by default was taken on the 12th of February, and made final on the 18th. Nothing shows that three of the intervening days were not judicial days. One of them, however, must necessarily have been Sunday. In judicial proceedings, the rule is, that when the contrary does not appear, the presumption is that they were regular. It is also a matter of public notoriety that the Parish Court sits every day in the week at the time of year when this judgment was rendered.

II. The judgment expresses that it was confirmed and made final " on due proof of the plaintiff's demand;" and the 315th article of the Code of Practice, cited by the appellant, positively declares that this is sufficient.

The neglect of the clerk to record the judgment cannot authorize its reversal.

A judgment becomes final three days after its rendition, although prematurely signed.

The maker cannot complain that judgment was not rendered against him and the endorser *in solido,* even when they are both sued.

III. We are ignorant of any law that requires the clerk to countersign any judgment. We are bound to believe that clerks of courts record all judgments rendered therein, until the contrary be proved. But their neglect in this particular, whatever might be its consequences in other respects, cannot authorize the reversal of a judgment.

IV. This court decided, in the case of *Gardere et al.* vs. *Murray,* 2 *Martin, N. S.,* 244, that a judgment became final three days after its rendition, although it had been prematurely signed.

V. The deposition appears to have been taken on the very day the judgment was confirmed, and the *jurat* is subscribed by the clerk; hence the presumption is that it was sworn to in open court; for otherwise the *jurat* must be subscribed by the magistrate who received the deposition.

VI. The defendant and appellant was the maker of the note sued on; his co-defendant was the endorser; he therefore cannot complain that judgment was given against him for the amount of the note, and not against him and the endorser *in solido.* This does not place him *in duriori casu,* for the liability of the endorser results only from the default of the maker; and he may recover from the latter if judgment be taken against both, and satisfy it out of the endorser.

Damages have been asked as for a frivolous appeal. There can hardly be better evidence of the frivolity of the appeal, than the untenable points made by the counsel for the appellant in this court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts, and five per cent. damages.