PIERRE ESCURIEUX *v.* CAROLINE CHAPDUC and another, Heirs
of Alexandre Chapduc, deceased.

In the absence of proof to the contrary, it will be presumed that the judgment of an
inferior court was rendered on the necessary evidence ; but where the record itself
shows that a judgment by default could not have been rendered on such evidence
as the law requires to make it final, the case will be remanded.

Where on an appeal from a judgment by default confirmed below, the clerk certifies
the record as containing a true copy of *all the documents on file* and proceedings
had, but does not show that any other document, which may have been produced,
was not filed, and it appears from the transcript that without producing another
document the judgment could not have been legally confirmed, the judgment must
be set aside. *Per Curiam.* If no other document was produced, the evidence was
insufficient ; if produced, it was the plaintiff's duty to have placed it on file. C.
P. 585.

APPEAL from the Court of Probates of St. James, *Nicholls,*
District Judge presiding, the Judge of the Court of Probates hav-
ing recused himself.

*Winchester,* for the plaintiff, moved to dismiss the appeal, on
the ground that the court cannot take cognizance thereof :

1. Because of the want of all evidence in the record to show,
that service of petition and citation of appeal was made on the
appellee. 7 La. 361. 10 La. 399.

2. Because no citation of appeal has been returned with the
record, showing any service on the appellee, 10 La. 484.

3. Because the record does not exhibit any statement of facts,
nor bill of exceptions ; nor does it contain *all* the evidence on which
the case was adjudged in the court below ; for, the certificate of the
clerk shows that the testimony taken in open court, *was not* re-
duced to writing. *Bowman* v. *Junes,* 6 La. 124. Same vol. 303.

*Bodin,* for the appellants.

SIMON, J. The defendants are appellants from a judgment by
default taken and made final against them, in which it is stated
that the same was rendered after the plaintiff *had proved, by legal
evidence, all the allegations contained in his petition.* The re-
cord does not exhibit any statement of facts, or bill of exceptions ;
and the clerk certifies that it is a true copy of *all the documents*

on file, and all the proceedings had in the suit, the parol evidence not being reduced to writing on the trial of the case.

The plaintiff's claim is founded on the following allegations : That in the year 1832, an execution having been issued against his property, the same was levied upon his female slave and child, by Ceresay, late Sheriff of the parish of St. James. That being desirous of retaining the possession of the slaves seized, he obtained the consent of the Sheriff thereto, on depositing in his hands as collateral security a note of $1200, drawn by him, the plaintiff, to the order of, and endorsed by one Jean Cabanne ; dated the 14th of February 1833. That the slaves seized were subsequently sold by the Sheriff, and delivered to the purchaser, whereby he, plaintiff, became entitled to demand from the Sheriff the return of the note. That, in the mean while, the Sheriff having died, the note passed into the hands of his universal legatee, Alexandre Chapduc. That the note was secured by mortgage on certain property ; and, that afterwards, to wit, on the 23d of April 1832, the plaintiff having sold the property mortgaged to two individuals, (Roussel and Gaudet,) the payment of the note was assumed by the purchasers, who bound themselves to pay the amount thereof to Cabanne. That the petitioner paid Cabanne the amount of the note and took it up, and became thereby entitled to recover the amount from the purchasers, in virtue of the act of sale ; but that Alexandre Chapduc collected its proceeds by means of a suit brought against the purchasers, by virtue of the assumption contained in the act of sale. He further states that A. Chapduc, in his lifetime, frequently promised to pay him the amount thus received by him from the purchasers, as the same justly belongs to the petitioner, who now claims it from the present defendants, as heirs of the said Alexandre Chapduc deceased.

No answer was filed by the defendants, although they first appeared by filing a dilatory exception, which was subsequently waived ; and the plaintiff was bound to make out his case, and establish his allegations before the court, in order to confirm and make final the judgment by default taken against the defendants.

The only document found in the record, filed six months previous to the rendition of the judgment complained of, is a copy of

the act of the sale from the plaintiff to Roussel and Gaudet, who, as purchasers of the property mortgaged, had assumed to pay the amount of the note alluded to in the plaintiff's petition.

The appellants have assigned errors apparent on the face of the record ; and contend, that the judgment appealed from was not rendered after legal proof of the plaintiff's allegations, but was pronounced on insufficient evidence : that on the face of the petition itself, judgment could not be given against the defendants ; and that the transcript shows that no other evidence was produced by the plaintiff, but the copy of the act of sale found in the record ; whilst, in order to prove *all* the allegations of his petition, it was absolutely necessary for him to introduce in evidence the record of the suit alleged to have been brought by A. Chapduc, against the purchasers, who had assumed to pay the note of $1200.

It is true, as a general rule, that in the absence of proof to the contrary, we are bound to presume that the judgment below was rendered on the necessary evidence, which the law requires to make it legal and correct ; and that mere suggestions, that the allegations in the petition were not, or could not have been proved, will not destroy the presumption that the lower court rendered its judgment on evidence which authorized it. But in this case, it appears to us, that the transcript itself shows, that the judgment appealed from could not have been rendered on such evidence as was legally required to make the judgment by default final, unless the documentary evidence was withdrawn by the plaintiff *without being filed*, after it was produced. The clerk certifies, that the record is a true copy of *all the documents on file*, and proceedings had in the suit, and that the parol evidence was not reduced to writing. His certificate does not show that any of the other documents, which may have been produced by the plaintiff, were not put on file, and only accounts for the absence of the parol evidence. Now, from the nature of the suit, and from the allegations of the petition, it is clear that, if the judgment appealed from was based only on the sole document found in the record, and on the parol proof which was not reduced to writing, the evidence was insufficient ; and on the other hand, if the plaintiff did really produce other written evidence, it was his duty to file it, so that it might have been included and copied in the record, in case of

an appeal, Code of Practice, art. 585. In both cases, the appellants must be relieved ; particularly as the petition itself exhibits such contradictions, and inconsistencies, as could not perhaps have been supported by any evidence concordant with the plaintiff's allegations.

Under all the peculiar circumstances of the case, we think that justice requires it should be remanded for further investigation.

It is therefore ordered, that the judgment of the Court of Probates be· annulled, and that this suit be remanded to the court, *a qua*, for a new trial ; the ,costs of the appeal to be borne by the plaintiff and appellee.

---

## SAME CASE—APPLICATION FOR A RE-HEARING.

Where by the consent of counsel, an order has been entered, remanding the record for the purpose of being perfected, coupled with an agreement that the whole case shall be submitted on written arguments, within a certain time, the appellee will be considered as having renounced any right to move for a dismissal of the appeal on the ground of want of citation.

*Winchester*, prayed for a re-hearing.

SIMON, J. The appellee's counsel, in his application for a re-hearing, complains of our having overlooked his plea to our jurisdiction, and which, he says, he had a right to expect, would have been examined and adjudicated upon, before an examination was made into the record.

We were aware of the appellee's motion to dismiss the appeal, and of the exception by him filed to that effect. Indeed, our first impression was that his motion should prevail, as it did not appear that he had been cited ; but on being referred to the minutes of this court, we found the following order, regularly entered on the 23d of January, 1843, before the filing of the appellee's exception : " On motion of A. Bodin, Esq., counsel for appellants, and *with the consent of Benjamin Winchester, of counsel for appellees,* it is ordered, that the record, in this case be sent back to the clerk of the inferior court, for the purpose of being perfected and com-

pleted; *the whole case to be submitted on briefs, within fifteen days* after it is filed again in this court." We were of opinion that the appellee's consent to the perfection of the record, and to the whole case being submitted on briefs, was such an appearance on his part as amounted to a waiver of the exception, and to an absolute renunciation of the right of moving for the dismissal of the appeal. Nay, we consider the order as a positive consent that the case should be tried on its merits, and as the appellant had not filed any point against the motion, we thought it was understood in the same way by the parties, and that it was unnecessary to notice it in our first opinion.

We still adhere to the same opinion. It is clear that if the appellee had intended to rely upon the want of citation, he should have abstained from appearing in the case, and from giving his consent to the completion of the record, and to the whole case's being submitted on briefs. This consent is inconsistent with the motion of an appellee who, not having been cited, only appears to inform the court that the case is not in a condition to be tried, for want of proper parties; and we cannot view the order referred to in any other light than as a waiver of the exception; or, in other words, as an appearance on the part of the appellee, equal to that resulting from a regular citation of appeal.

On the merits, we still think that the case was properly remanded for a new trial; as from the pleadings, and the evidence adduced by the plaintiff, so far as it is shown by the record, and supposing that further proof was adduced by him to establish his demand, the judgment appealed from, confirmatory of the judgment by default taken by the plaintiff, does not appear to us to be supported by such legal and satisfactory evidence as, from the allegations of the petition, the plaintiff was bound to produce, to make it final. We feel convinced that, as the case stands, our affirming the judgment, would amount to a denial of justice.

*Re-hearing refused.*