66 So.2d 789

## MASSEY v. CONSUMER'S ICE CO. OF SHREVEPORT, Inc.

No. 40898.

June 1, 1953.

Rehearing Denied July 3, 1953.

Wilson, Abramson & Maroun, Shreveport, for defendant-appellant.

J. N. Marcantel, Shreveport, for plaintiff-appellee.

LE BLANC, Justice.

This is a suit brought by an attorney-at-law to recover judgment against the defendant for certain fees for legal services rendered between the dates of March 20, 1950 and November 15, 1951. The total charges amounted to $5,900 on which he acknowledges credits for $787.18 leaving a balance of $5,112.82, the sum demanded in his petition. It appears that after suit was filed defendant paid the further sum of $50 thus reducing the demand to $5,062.82. Plaintiff alleged amicable demand in vain.

■ Suit was filed February 28, 1952. The record does not show on which day citation was served on the defendant but it is to be presumed that it was properly and timely served because on March 12, 1952, the Court permitted the entry of default, no appearance having been made by or on behalf of the defendant. On April 2, 1952, the defendant not yet having made any appearance, the default previously entered was confirmed and, according to its own wording, "plaintiff having adduced due proof in support of his demand, and the law and the evidence being in favor thereof" judgment was rendered against the defendant in the sum of $5,062.82, with legal interest from date of judicial demand.

On May 26, 1952, a motion for a suspensive and devolutive appeal to this Court was presented on behalf of defendant and on June 2, 1952, a suspensive appeal was refused but a devolutive appeal was granted and the same was perfected.

A statement of facts was prepared, presumably to be used on the appeal when the case would be presented to this Court.

It now appears that the only contested item, which is by far the largest on the account, is the one for $5,000 for foreclosing a mortgage. The only error complained of is that the proof was not sufficient to justify the judgment rendered.

■ Defendant must realize that in order to obtain a reversal of the judgment appealed from, or to obtain a remand of the case as it particularly urges, it has to overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. See Hubbell v. Clannon, 13 La. 494; also Goldman v. Thomson, 3 La.App. 469 and the numerous cases therein cited.

It is true that in this case an agreed statement of facts was prepared and filed in the record but unfortunately for defendant, if it adds anything to the record it tends to give weight and support to the judgment.

■ Regarding the contested item of $5,000, the statement shows that it was a charge made by plaintiff in connection with a foreclosure of a certain mortgage of $90,000, the total amount involved aggregating the sum of $126,000. What disposition was made of the property foreclosed does not appear from the record, nor the statement of facts, but the statement does indicate that the trial judge commented on

the fact that the proceeding had been conducted before him, in his division of the district court, and that he recalled the facts in the case. Inasmuch as he recalled that the attorney's fees had been fixed at ten percent of the amount involved, and inasmuch also as the amount now sued for was considerably less than ten percent, the services rendered should be considered worth at least the amount now demanded.

■ It is well settled that the question of the value of services rendered by an attorney-at-law is one that comes peculiarly within the province of the judge before whom the services were performed. He superintends the making up of the record, becomes closely acquainted with all the details of the proceeding and thus obtains an intimate knowledge of the kind of services rendered and of their value. See Succession of Richards, 49 La.Ann. 1115, 22 So. 317.

In brief on behalf of appellant it is urged that the district judge erred because he was evidently under the impression that the Consumers Ice Company of Shreveport, Inc. had obligated itself to pay ten percent attorney's fees whereas evidence, if introduced, would disclose that both the Louisiana Ice Co., Inc. and Consumer's Ice Company, Inc., are owned by practically the same stockholders and that the foreclosure was more or less a consent proceeding to have the property foreclosed transferred to Consumer's Ice Company, Inc. Appellant is a bit late in raising that issue

but granting that to be so, although the statement of facts do not disclose what took place in the foreclosure proceedings referred to, it is stated in brief of counsel for plaintiff, and it is not controverted, that judgment via ordinaria was obtained with recognition of a mortgage, the property mortgaged was seized and sold under execution and at the sale, plaintiff mortgagee, defendant here, was the adjudicatee on its bid of $50,000. Whilst it may be true, as appellant now contends, that the obligation to pay attorney's fees in those proceedings was that of the mortgagor, plaintiff is not resting his claim on an obligation on the part of anyone arising out of the mortgage but he based it on a quantum meruit and, as previously indicated, the district judge before whom the proceedings were conducted was singularly qualified to weigh the nature of the services rendered and estimate their value.

■ Another point urged by appellant is that here we are dealing with a claim in excess of $500 and that it has not been supported by the proof required by Article 2277 of the LSA–Civil Code. That article relates to the proof of "agreements relative to movable property, and all contracts for the payment of money" and it provides that "such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances." Assuming that the provisions of the article apply to a claim such as is presented in this case, plaintiff's proof of the value of the

 

services rendered is corroborated by the circumstances related by the district judge, as shown by the statement of facts, and also by the fact that the judgment was one rendered on default which, it has been held, is a sufficient corroborative circumstance to establish a claim amounting to more than $500. See Webster v. Burke, 24 La.Ann. 137.

For the reasons stated it is ordered that the judgment appealed from be affirmed at the costs of defendant, appellant herein.