FOURNET, Chief Justice.
This matter is before us on a writ of certiorari, 254 La. 754, 226 So.2d 520, granted on the application of the defendant, Enoch H. Hines, in order that we might review the judgment of the Court of Appeal for the First Circuit, affirming the confirmation of a default judgment *974 rendered against him by the trial court. 222 So.2d 331.
According to the record, Baker Finance Company, alleging that it is engaged in a general finance business and in connection therewith purchased “251 sales finance accounts” from the defendant, Enoch H. Hines, who “personally endorsed and guaranteed payment of each” of said sales finance accounts, instituted" this proceeding to recover the alleged delinquent balance due with -legal interest from the date of judicial demand and 20% attorney’s fees.
At the request of his attorney, stating he needed additional time to answer because of his heavy docket through January 20, 1968, defendant was granted a delay until January 30, 1968 within which to answer or otherwise plead in this matter. Having failed to so plead, plaintiff on the next day entered a preliminary default which was confirmed on February 16, 1968, casting defendant in judgment for $20,191.-32 plus interest and attorney’s fee as prayed for. On the first of April defendant' appealed devolutively from the judgment of the district court and, inasmuch as there was no transcript of the evidence introduced in confirming the default in the case, defendant, availing himself of the provisions of Article 2131 of the Code of Civil Procedure,[1] sought to have plaintiff join him in a written narrative of the facts, which was refused on the basis his counsel could not remember the testimony in detail, whereupon he obtained a written narrative of the facts from the trial judge.[2]
, The court of appeal, in affirming the judgment of the district court, relied upon one of its earlier decisions, Gilman v. Babin, 195 So.2d 737, from which it quoted its prior observation that .“Article 1702 of the Louisiana Code of Civil Procedure, relative to’ default judgment, provides in part that ‘judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.’ The settled *976 jurisprudence of this state is to the effect that where it is expressed in the default judgment that it was confirmed and made final on due proof of the plaintiff’s demands, it will be presumed that legal and sufficient 'evidence was produced before the Judge and that the judgment is correct, * * * ”; and concluded that “Inasmuch as the record herein is incomplete and the judgment appealed recites due proof was offered in support of plaintiff’s demand, it is more probable than not that plaintiff’s offerings were proper and admissible. Nothing on the face of the record herein refutes the presumption of validity to which the judgment is entitled. Consequently the judgment in question must be presumed valid.”
With this conclusion we cannot agree. While we are cognizant of the jurisprudence that the trial judge is presumed to have had sufficient evidence before him to render a confirmation of default judgment and great weight is given to statements in the judgment that it was rendered “upon due proof”, the fact remains that this is only a prima facie presumption and may be overcome by evidence to the contrary. This court declared in its early decision in the case of Hubbel v. Clannon, 13 La. 494, (1839) that the presumption that judicial proceedings were regular obtains only when the contrary does not appear in the, record. See Massey v. Consumer’s Ice Company of Shreveport, Inc., 223 La. 731, 66 So.2d 789; Vehrs v. Jefferson Ins. Co., La.App., 168 So.2d 873; Clark v. Richardson, La.App., 157 So.2d 325; Miller v. Rollins, La.App., 111 So.2d 146.[3]
It is to be noted in the instant case, as reflected by the narrative of the trial judge as it appears in footnote 2, that the trial judge stated the only witness to testify was plaintiff’s manager and he was unable to recall in detail his testimony. However, he stated further that the witness testified “that the finance company had purchased a group sales finance accounts held by the defendant which transaction was made on assignment of account. The witness identified the instruments or documents in bulk which were then introduced in to evidence.”
An examination of these sale finance accounts, with the exception of one note made by Joel W. and Mary Law *978 rence,[4] does not show they were endorsed by the defendant, nor do they show that he personally guaranteed payment thereof. They are merely notes executed in favor of dealers by their respective purchasers, each purportedly secured by chattel mortgage, and endorsed by the dealers guaranteeing prompt payment of the notes according to the tenor thereof. It necessarily follows that inasmuch as plaintiff’s action is based solely on the allegation that Hines “personally endorsed and guaranteed payment of each” of these sales finance accounts, the evidence offered in confirming the default against the defendant, excepting the note referred to hereinabove by the Lawrences, completely fails to support the same.
The note above referred to is dated June 18, 1966 in the sum of $217.00, payable in 21 equal monthly installments of $10.38 each, commencing on July 25, 1966 and continuing on the same day of each succeeding month thereafter until fully paid, with interest at 8% from maturity of each installment, with the further stipulation that in default of payment the maker agrees “to pay a reasonable attorney’s fee, which shall be not less than 25% of the unpaid balance of said note or $25.00, which ever is greater.”[5] Inasmuch as our examinatibn of the statement prepared by the plaintiff company does not disclose any payments attributable to this note, there will be judgment against the defendant on this note.
For the reasons assigned the judgment of the Court of Appeal is amended by. reducing the amount of the judgment against the defendant to the principal sum of $217.00 plus 8% interest from maturity of each of the 21 successive monthly installments of $10.38 each beginning on July 25, 1966 until paid, plus 20% attorney’s fees. All costs of this court and the court of appeal are to be paid by plaintiff, Baker Finance Company, Inc., and all other costs are to be paid by defendant, E. H. Hines.

. G.C.P. Article 2131 provides; “If the testimony of the witnesses has not been . taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which, shall be conclusive.”

. The trial-judge furnished a written narrative stating, “This matter came up on a confirmation of default and only one witness, Mr. Carter Stafford, manager of plaintiff concern, testified as to the nature of the indebtedness. The court is unable to recall in detail his testimony, however, the witness stated that the finance company had purchased a group of sales finance accounts held by the defendant which transaction was made on assignment of account. The witness identified the instruments or documents in bulk which were then introduced in evidence. He further declared the balance remaining on these accounts and judgment was granted as prayed for, subject to credits accumulated after suit was filed.”

. We think it should be noted that in the Case of Dodd v. Schell, La.App., 207 So.2d 807, the learned judge observed that Article 360 of the Louisiana Code of Practice was not included in our Code of Civil Procedure, it having provided that “When the defendant suffers judgment by default to be taken against Mm, the issue is joined tacitly; because such defendant is presumed by his silence to have confessed the justice of his adversary’s demand ; therefore the plaintiff is allowed to proceed with his proofs, in order to have the judgment confirmed.”

. In addition to tbe endorsement of capital Sewing Center, Ine. by E. H. Hines, Pres., and J. W. Davis, there appears on the instrument, “Personal Indorseement E. H. Hines.”

. In its petition plaintiff, Baker Finance Company, only seeks 20% for attorney’s fees; therefore, judgment will be rendered accordingly.