ELLIS, Judge
(dissenting).
Based on our decision in Pooler Building Materials, Inc. v. Hogan, 244 So.2d 62 (La.App. 1 Cir. 1971), the majority has concluded that a printed stipulation for interest and attorney’s fees on an invoice cannot form the basis for the award of conventional interest and attorney’s fees, apparently as a matter of law.
I disagree with this conclusion. The decision in the Pooler case was founded on a finding of fact by the trial judge that those persons who signed the invoices on behalf of the defendant were only acknowledging receipt of the merchandise and were without authority to commit their employer to any contractual liability for interest and attorney’s fees.
Since this judgment was rendered on confirmation of default, I think the presumption is that evidence was introduced to show the authority of the signatories on the invoices to contract on behalf of defendant for interest and attorney’s fees.
In Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972), the Supreme Court said:
“In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970); Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953); Nugent v. Stark, 34 La. Ann. 628 (1882).
“This presumption which exists, when there is no note of evidence of parole testimony, that the judgment is well-founded and that it was based on competent evidence, is a fair and reasonable one conducive to the efficient administration of justice and should be given much weight. It has long been recognized in our law. Escurieux v. Chapduc, 4 Rob. 323 (La.1843); Hubbell v. Clannon, 13 La. 494 (1839).”
I think the presumption should be applied in this case, and the judgment appealed from affirmed.
I therefore dissent.