344 So.2d 1138 (1977)
Norris John LANDRY d/b/a Royal Catering, Plaintiff-Appellee,
v.
Jerry GUILLORY, Defendant-Appellant.
No. 5892.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Kenneth P. Rodenbeck, Alexandria, for defendant-appellant.
Mouton, Roy, Carmouche & Hailey by Ralph E. Kraft, Lafayette, for plaintiff-appellee.
*1139 Before HOOD, DOMENGEAUX and ROGERS, JJ.
ROGERS, Judge.
Norris John Landry, d/b/a Royal Catering, instituted this action against Jerry Guillory for $2,047.50 allegedly owed plaintiff by defendant on a contract to provide goods and services. Plaintiff confirmed a default judgment against defendant, and defendant has appealed.
The substantial issue before this court is whether plaintiff's petition states a cause of action.
On June 4, 1976, plaintiff filed suit against defendant alleging a certain sum was due for goods and services provided by plaintiff's business, Royal Catering. Generally, the petition alleges that defendant contracted with plaintiff to cater a banquet on behalf of a candidate for State Commissioner of Insurance.
The arrangements were that the banquet was to be held at the Municipal Auditorium in Lafayette, Louisiana on October 6, 1975; that plaintiff would provide all food, utensils, labor and other incidentals; and that plaintiff would receive $6.50 per person served with a minimum guarantee of $2,047.50. Plaintiff's petition further alleges that he did provide the agreed upon services for the specified event, but that he has never received payment. The petition states that there were less than the required minimum number of persons in attendance, and thus plaintiff is entitled to $2,047.50.
Defendant failed to file an answer, and a default judgment was entered against him on July 2, 1976. On August 6, 1976, a hearing was held, plaintiff presented his case, and the default judgment was confirmed and signed. Defendant thereupon sought a devolutive appeal order which was granted by the trial court on December 9, 1976.
Defendant, in his appeal brief, urges that plaintiff's petition failed to state a cause of action against defendant because plaintiff's petition failed to allege that defendant bound himself personally, or exceeded his authority as agent for the Insurance Commissioner candidate, in contracting with Royal Catering.
Defendant did not file an exception of no cause of action in the district court nor has such a motion been formally filed with this court. The only time this contention has been raised is in defendant's appellate brief. However, an exception of no cause of action, since it is peremptory in nature, may be raised for the first time on appeal, if it is placed at issue, as was done here, prior to the submission of the case for a decision. LSA-C.C.P. art. 2163. Therefore, we find that defendant's exception is properly before this court.
The purpose of the peremptory exception, as has been previously held by this court, is to determine whether any remedy is afforded by law to plaintiff under the allegations contained in his petition. Fremaux v. Buie, 212 So.2d 148 (La.App. 3 Cir. 1968).
The law is settled that for purposes of considering the exception, all allegations of the plaintiff's petition are deemed to be true. Verret v. Traveler's Insurance Co., 216 So.2d 379 (La.App. 3 Cir. 1968).
Furthermore, when considering an exception of no cause of action, allegations contained in plaintiff's petition must be construed most favorably to sustain plaintiff's cause of action, and defendant's exception must be overruled unless the allegations exclude every reasonable hypothesis of fact other than those showing that plaintiff could not recover as a matter of law. Stanley v. Missouri-Pacific Railroad Company, 179 So.2d 490 (La.App. 3 Cir. 1965); Steagall v. Houston Fire and Casualty Insurance Company, 138 So.2d 433 (La.App. 3 Cir. 1962).
Paragraph 5 of plaintiff's petition states as follows:

5.
Defendant at said meeting advised plaintiff that he desired to hold a campaign banquet or dinner for Mr. Barcelona in the City of Lafayette at the Municipal *1140 Auditorium on October 6, 1975, and desired to contract with and engage plaintiff as the caterer for said banquet.
Clearly, one reasonable interpretation of this paragraph is that plaintiff contracted with defendant personally for providing these services, and not as the agent for Mr. Barcelona, his campaign committee, or any other party as is now urged by defendant on appeal.
If defendant had wanted to prove that he was acting as agent for another party when he contracted with plaintiff, he should have done so at the district court. Instead, defendant took no action, and allowed a default judgment to be entered against him.
To confirm a default judgment the plaintiff must establish a prima facie case proving his demand. LSA-C.C.P. art. 1702. The court minutes and the signed judgment indicate that such was done.
When having a default judgment confirmed, the plaintiff is not required to have the testimony reduced to writing or to have a note made of the evidence introduced, and on appeal, the defendant has the burden of overcoming the presumption that the judgment was rendered upon sufficient evidence and is correct. Francois v. Cloud, 149 So.2d 678 (La.App. 4 Cir. 1963); Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970). Here, no transcript or note of the evidence is found in the record, and thus it is presumed that the judgment of the trial court was rendered upon sufficient evidence and is correct.
For the above given reasons, defendant's exception of no cause of action is dismissed, and the judgment of the trial court is affirmed. All costs are assessed against the defendant-appellant.
AFFIRMED.