347 So.2d 1204 (1977)
Darrell D. CVITANOVICH
v.
John SORLI.
No. 11317.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
*1205 Warren E. Burch, Jr., Baton Rouge, for defendant-appellee.
R. Gray Sexton, Baton Rouge, for plaintiff-appellant.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
This is an appeal from a default judgment.
On April 21, 1976, Darrell Cvitanovich, the assignee of certain rent accounts, filed this suit, in proper person, against John Sorli to collect the sum of $195.00 allegedly due as unpaid rent. Additionally, Cvitanovich caused a writ of sequestration to be issued which resulted in the seizure on April 26, 1976 of certain movable property [1] belonging to Sorli.
Service was not made on Sorli until October 1, 1976. That same day, Sorli obtained the release of the sequestered property by furnishing a bond. On October 8, 1976, Sorli filed an answer and a reconventional demand seeking damages for wrongful seizure. Thereafter Cvitanovich was personally served with the answer and reconventional demand on October 11, 1976. Cvitanovich did not file an answer to this reconventional demand.
After the proper legal delays, on October 21, 1976, Sorli personally appeared, testified and submitted into evidence cancelled checks showing that the alleged unpaid rent had, in fact, been timely paid. Sorli further testified regarding his damages resulting from the seizure of his property. The trial court found that this was sufficient proof upon which to grant a default judgment.
Thereafter judgment was rendered in favor of Sorli granting judgment against Cvitanovich on the reconventional demand in the amount of $999.99 and $250.00 for attorney's fees. The judgment also dissolved the writ of sequestration previously issued.
Cvitanovich contends that the trial court erred in considering Sorli's reconventional demand since it was not properly pleaded. He cites LSA-C.C.P. articles 853 and 1032[2] in support of this contention.
*1206 An examination of the pleadings in the record reveals that Sorli's reconventional demand was filed in the same pleading as his answer to the principal demand. This pleading is designated "Answer in Suit for Money Judgment with Sequestration."
Initially we find that this pleading sets forth a specific demand coupled with a specific prayer for relief against Cvitanovich and that the reconventional demand meets the requirement that it set forth the defendant's claim with the same precision as would be required in a petition filed originally for the same cause of action. Lewis Chevrolet Company v. Whitener, 122 So.2d 880 (La.App. 3rd Cir. 1961).
Cvitanovich maintains that the failure of Sorli to designate properly his reconventional demand constitutes reversible error. We disagree.
The law is clear that a pleading is to be governed by its substance and not by the name which a party uses to designate his demand, or the failure to designate it by any name at all. Person v. Person, 172 La. 740, 135 So. 225 (1931).
In Succession of Smith, 247 La. 921, 175 So.2d 269 (1965), it was noted:
"The characterization of a pleading by the litigant is not controlling. Pleadings are taken for what they really are, and not for what their authors designate them. A court should not eject a justiciable cause merely because it is dressed in the wrong coat." (footnote omitted).
Additionally, LSA-C.C.P. art. 865 states:
"Every pleading shall be so construed as to do substantial justice."
We do not find that the erroneous designation prejudiced Cvitanovich since even a cursory glance at the pleading would have disclosed to him that it contained a reconventional demand. Also, we note that Cvitanovich received service of citation which informed him that he was required to answer within 5 days. Accordingly, we reject the first specification of error.
Secondly, Cvitanovich contends that there is insufficient proof in the record to support a default judgment.
The only evidence in the record consists of the cancelled checks used to prove that the alleged unpaid rent had, in fact, been paid. Sorli's testimony at the default hearing was not transcribed and is not in the record.
In cases such as the present, there is a well recognized presumption in our law to the effect that the default judgment is well founded and that it was based on competent evidence. In Ascension Builders Inc., v. Jumonville, 262 La. 519, 263 So.2d 875 (1972), the Supreme Court stated:
"In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970); Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953); Nugent v. Stark, 34 La.Ann. 628 (1882).
"This presumption which exists, when there is no note of evidence of parole testimony, that the judgment is well-founded and that it was based on competent evidence, is a fair and reasonable one conducive to the efficient administration of justice and should be given much weight. It has long been recognized in our law. Escurieux v. Chapduc, 4 Rob. 323 (La.1843); Hubbell v. Clannon, 13 La. 494 (1839)."
We find that this presumption applies in the instant case and that Cvitanovich has failed to rebut it.
Finally, it is contended that the trial court's award is excessive.
While the numerous cases cited by Cvitanovich in support of this contention *1207 are illustrative of what other courts have awarded in other fact situations, we believe that the trial court did not abuse his much discretion in the present case. Coco v. Winston Industries Inc., 341 So.2d 332 (La.1976). We find that the trial court's award of $999.99 as damages for the wrongful seizure and $250.00 as attorney's fees is reasonable.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] This property consisted of a portable black and white television, a stereo system with four speakers, a radio and three automobiles.
[2] LSA-C.C.P. art. 853.

Every pleading shall contain a caption setting forth the name of the court, the title and number of the action, and a designation of the pleading. The title of the action shall state the name of the first party on each side with an appropriate indication of other parties.
A statement in a pleading may be adopted by reference in a different part of the same pleading or in another pleading in the same court. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. (emphasis added).
LSA-C.C.P. art. 1032.
An incidental demand shall be commenced by a petition which shall comply with the requirements of Article 891. An incidental demand instituted by the defendant in the principal action may be incorporated in his answer to the principal demand. In this event, the caption shall indicate appropriately the dual character of the combined pleading. (emphasis added).