370 So.2d 123 (1979)
Bill J. GOOD et al.
v.
LOUISIANA COMMISSION ON GOVERNMENTAL ETHICS.
No. 12504.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Rehearing Denied April 17, 1979.
Writ Refused June 1, 1979.
*124 John P. Nelson, Jr., New Orleans, for plaintiffs-appellees.
R. Gray Sexton, Baton Rouge, for defendant-appellant.
Before LOTTINGER, CHIASSON and SARTAIN, JJ.
LOTTINGER, Judge.
This is an appeal from the granting of a preliminary writ of injunction. The defendant, Louisiana Commission on Governmental Ethics (Commission), claims the right to hold investigatory hearings involving the actions of the plaintiffs, Bill J. Good, Dean of the College of Sciences, University of New Orleans, and his wife, Mary L. Good, Boyd Professor of Chemistry and a member of the faculty of the College of Sciences. The trial judge entered a preliminary writ of injunction halting the Commission's conducting any proceedings against Bill J. Good, and the Commission appeals.
On May 8, 1978, plaintiffs filed a class action suit requesting a declaratory judgment along with injunctive relief. The action was brought on behalf of "teachers, professionals and administrative officers of all schools, colleges and universities of this state when acting in their official capacity." Plaintiffs allege that the Commission lacks the authority to conduct investigations of the members of the class. Further, injunctive relief was sought by Bill Good to halt any further investigatory proceedings against him.
Defendant filed a "dilatory and/or peremptory exception" of no cause of action asserting that plaintiffs failed to exhaust their administrative remedies and that the injunctive relief would be premature since no accusatory investigation was scheduled to be conducted. Investigatory hearings were conducted by the Commission in December of 1977; however, the Commission claimed that the actual holding of an accusatory investigation was merely speculative.
On August 4, 1978, plaintiff, Bill Good, and defendant stipulated that plaintiff's request for injunctive relief would be dismissed without prejudice, reserving his right to assert it at a later date, and overruling defendant's exceptions, giving defendant twenty days to file responsive pleadings. Judgment was signed accordingly on August 17, 1978.
Bill Good reasserted his request for injunctive relief on August 25, 1978, based on his belief that a public hearing against him was imminent. Defendant urged the dilatory and/or peremptory exception of no cause of action and a motion to recall the rule for preliminary injunction. A hearing was conducted on September 8, 1978, and the trial judge granted the preliminary writ of injunction. The court overruled defendant's exceptions, and judgment was rendered and signed on September 15, 1978.
Defendant appeals contending that the trial judge erred in concluding without the taking of evidence that the Commission was without jurisdiction to investigate an employee at the University of New Orleans for alleged violations of the Code of Ethics; in granting injunctive relief to the petitioner in the absence of any factual demonstration that irreparable injury or harm would follow if such injunctive relief was not forthcoming; and in failing to grant dilatory and peremptory exceptions, filed by the Commission, when it was manifest from the position assumed by the Commission that the respondent to the investigation was being charged himself with personal and ultra vires activities unrelated to his official conduct as a teaching or professional employee at the University of New Orleans.
We do not agree that the trial judge granted this preliminary injunction without the taking of evidence. La.C.C.P. art. 3609 in part provides that "the court may hear an application for a preliminary injunction * * * upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases." The pleading with attachment which led to the granting of this preliminary injunction was verified. In its brief defendant-appellant argues that the court should "focus its attention" on the Commission's letter of August *125 23, 1978, for an understanding of the Commission's intentions. The letter which was attached to a trial memorandum does not comply with La.C.C.P. art. 3609 as evidence reviewable by the trial judge in issuing a preliminary injunction, and was never introduced and filed into evidence. This court cannot review evidence that is not in the record, nor can this court receive evidence so as to supplement the record. We note an absence in the record of any attempt by defendant to introduce evidence or a proffer of any evidence disallowed by the trial judge.
The evidence in the record consists of the verified pleading which points out that Dr. Bill Good is a dean at the University of New Orleans, and he is to be investigated by the Commission on a date certain. We agree with the argument advanced by defendant that Dr. Good is subject to the jurisdiction of the Commission for that which he does personally vis-a-vis officially; however, there is no evidence in the record that the Commission was interested in Dr. Good for anything other than his official activities. La.R.S. 42:1111G(f).[1] Thus, we find no error on the part of the trial judge.
As to the other specifications of error, same were not argued in brief, and thus we consider them abandoned.
Appellee has answered this appeal requesting attorney's fees and damages for frivolous appeal. We note, however, that the answer was not filed timely under La.C. C.P. art. 2133 and thus, we cannot consider appellee's request.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed. Appellants are to pay all costs as allowed by law.
AFFIRMED.

ON REHEARING
PER CURIAM.
In its application for a rehearing, defendant Louisiana Commission on Governmental Ethics points out a failure at the trial level to mark the Commission's letter of August 23, 1978, as evidence. Attached to the application for rehearing is an affidavit by the court reporter attesting to the error. Thus, we consider the letter as evidence properly introduced.
However, in reviewing the letter, though the Commission states therein its intention to investigate Dr. Good "personally and/or as a state employee," it is impossible for this Court, as apparently it was for the trial court to determine from the letter that which Dr. Good did personally vis-a-vis as a state employee.
Necessarily then, we deny the rehearing. REHEARING DENIED.
NOTES
[1] La.R.S. 42:1111G(f) provides:

"Unless the context of this Part clearly indicates otherwise, the following words and terms when used in this Part shall have the respective meanings defined as follows:
* * * * * *
"G. `State employee' means any one, whether compensated or not, who is
"Notwithstanding the foregoing, the term `state employee' shall not include, while acting in their official capacities
* * * * * *
"(f) The teaching, professional and administrative officers of all schools, colleges and universities of the state. * * *"