407 So.2d 754 (1981)
NATIONAL AMERICAN BANK OF NEW ORLEANS
v.
Mildred Purvis, Wife of/and John W. PURVIS, et al.
No. 14405.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
*755 Elliott W. Atkinson, Jr., Maughan, Atkinson & Martin, Ltd., Baton Rouge, for plaintiff-appellee.
Kenneth W. Ford, Morgan City, for defendant and third party plaintiff.
Robert L. Morris, Houma, for Statewide Trailer.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
This matter arises from a purchase of a 1972 Summitt mobile home by Mildred and John W. Purvis from appellant, Statewide Trailer Sales, Inc. In connection with said sale, the promissory note evidencing the mortgage loan for the sale price in the amount of $16,938.00 was acquired by National American Bank of New Orleans. The petition of National American Bank states that the note and chattel mortgage were stolen from the automobile of its attorney.
On August 15, 1973, a redhibition suit was filed against Statewide Trailer Sales, Inc. by Mildred and John W. Purvis, the buyers. On appeal from the judgment ordering rescission of the sale, this court, in its per curiam opinion denying Statewide's application for rehearing, ordered the following:
"* * * (1) that the judgment of the trial court in favor of Appellants John W. and Mildred Purvis and against defendant Statewide Trailer Sales, Inc., rescinding the sale of the trailer home involved herein, be and the same is hereby affirmed; (2) that Appellants deliver custody, possession and ownership of said trailer home to Appellee; (3) that there be judgment herein in favor of Appellants and against Appellee in the sum of all payments by Appellants as to both principal and interest on the note in question, together with legal interest thereon from date of judicial demand, until paid; (4) that Appellee, Statewide Trailer Sales, Inc., hold Appellants harmless for the amount of the unpaid installments due on the note in question in the event of suit thereon by the holder; that the judgment in favor of Appellants be and the same is *756 subject to a credit in favor of Appellee in the sum of $60.00 (per month) during which Appellants have occupied, or shall continue to occupy the trailer in question, together with legal interest on each such monthly credit from date of judicial demand, until paid; * * *"
The court also stated that "(I)t was our intention to award plaintiff in this action recovery of all ... such sums plaintiff might be compelled to pay the note holder subsequent to institution of this litigation.* * *"
In furtherance of the Court of Appeal judgment, a consent judgment was subsequently entered into between Statewide and Mildred and John Purvis with Statewide Trailer Sales, Inc. agreeing to remove Mr. and Mrs. Purvis from "... any and all liability and responsibility and obligation in, on, or relating to that certain promissory note..." in question.
National American Bank of New Orleans, as holder of the promissory note, filed the present suit against Mildred Purvis wife of/and John W. Purvis, makers of the note, for failing to pay the installments due on the note. Mildred and John Purvis answered the suit and, as third party plaintiffs, sought recovery from Statewide Trailer Sales, Inc. on the basis of the hold harmless clause contained in the consent judgment rendered by the Thirty-Second Judicial District Court in Terrebonne Parish.
The third party demand was subsequently served on the third party defendant on December 4, 1978. No responsive pleading was filed and a preliminary judgment of default was entered in favor of Mildred and John Purvis and against Statewide Trailer Sales, Inc. on the third party petition on December 21, 1978.
Statewide Trailer Sales, Inc. filed its answer on December 26, 1978 (25 days after the filing of the third party petition; 22 days after service; and 5 days after the entering of the preliminary default judgment), alleging that at no time did Mr. and Mrs. Purvis return the trailer to it and that they should be required to do so, or to pay to Statewide the value thereof.
On October 16, 1979, Mildred and John Purvis moved to be permitted to confirm the default judgment taken on the 21st of December and to strike the answer filed by Statewide since, under the provisions of La. C.C.P. art. 1035[1], the filing of Statewide's answer was untimely. The trial court agreed and ordered the answer to the third party petition stricken from the records and authorized Mr. and Mrs. Purvis to confirm the judgment of default taken against Statewide.
On September 26, 1980, the trial court rendered judgment in favor of National American Bank of New Orleans against Mr. and Mrs. Purvis in the amount of $9,926.34, together with attorney fees and interest. Mr. and Mrs. Purvis also obtained a judgment confirming the judgment of default against Statewide Trailer Sales, Inc. in the amount of $9,926.34, together with attorney fees and interest. It is this September 26th judgment, relating to the third party demand, which Statewide Trailer Sales, Inc. appeals.
Statewide Trailer Sales, Inc. contends that the judgment against it should be modified to include the set-off credit provided for in the Court of Appeal ruling in Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir. 1976), as amended by Per Curiam Opinion dated November 15, 1976; rehearing denied November 15, 1976.
Mildred and John Purvis did not answer the instant appeal. National American Bank of New Orleans submitted a brief and contends that the hold harmless agreement renders Statewide Trailer Sales, Inc. liable to National American Bank and that any setoff between Purvis and Statewide should not be allowed for lack of evidence introduced into the record.
*757 In Cvitanovich v. Sorli, 347 So.2d 1204 (La.App. 1st Cir. 1977), this court quoted our Supreme Court in the case of Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972), as follows:
"`In order to obtain reversal of a default judgment appealed from, ... defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, ... that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970); Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (1953); Nugent v. Stark, 34 La.Ann. 628 (1882).
"`The presumption which exists, when there is no note of evidence of parole testimony, that the judgment is well-founded and that it was based on competent evidence, is a fair and reasonable one conducive to the efficient administration of justice and should be given much weight. It has long been recognized in our law. Escurieux v. Chapduc, 4 Rob. 323 (La.1843); Hubbell v. Clannon, 13 La. 494 (1839).'"
The appellant, Statewide, did not furnish this court with a note of evidence and we must therefore assume that the judgment of the trial court is correct. Even if there was no such presumption provided by our law, this court should note that setoffs should be specifically pleaded and proven by the defendant. La.C.C.P. art. 1005; Fontenot v. LaFleur, 281 So.2d 868 (La.App. 3rd Cir. 1973), rehearing denied September 14, 1973, writ refused October 26, 1973; Fontenot v. Liberty Mutual Insurance Company, 230 So.2d 402 (La.App. 3rd Cir. 1970), rehearing denied February 4, 1970. Appellant, Statewide, did not do so in the trial court and now attempts to introduce such specific evidence via the brief submitted to this court. In Dozier, Etc. v. Burleigh, 380 So.2d 197 (La.App. 3rd Cir. 1980), the court reiterated the point that Courts of Appeal cannot speculate on matters asserted in brief which are not properly a matter of record and are not properly before the court. An appellate court cannot review evidence that is not in the record nor receive evidence so as to supplement the record properly before it. Good v. Louisiana Commission on Governmental Ethics, 370 So.2d 123 (La.App. 1st Cir. 1979), rehearing denied April 17, 1979, writ refused June 1, 1979.
For these reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La.C.C.P. art. 1035, provides:

"The answer in an incidental action shall be filed within the delay allowed by Article 1001, or at any time prior to a judgment by default against the defendant in the incidental action, and shall be subject to all of the rules set forth in Articles 1001 and 1003 through 1006."