SWIFT, Judge.
The plaintiff, Anatole Serrette, instituted this action against Willie Dean Huval, her husband, Elinore Huval, and David W. Hebert for $35,507 allegedly owed plaintiff by the defendants under a lease. A default judgment was confirmed against the defendants and Elinore Huval has appealed. We affirm.
On December 27, 1979, Anatole Serrette executed a two year lease of land and a building in favor of Willie Dean Huval and David Hebert. The lease refers to Willie Dean Huval as the wife of Elinore Huval. Under its provisions the lessees agreed to pay the plaintiff $1500 a month as rent during the first six months and $2400 a month thereafter. The lease also provided that the leased premises would be utilized as a restaurant and that the lessees were responsible for payment of all fire and comprehensive insurance premiums.
On May 1, 1981, the plaintiff filed a petition alleging the defendants had failed to pay the monthly rent and also the premium for insurance on the premises. No responsive pleadings were filed by defendants and a preliminary default was entered on June 26,1981. On July 2,1981, the default judgment was confirmed and signed. The testimony at the hearing was not reduced to writing and no note of evidence was made.
On this devolutive appeal Elinore Huval contends the trial court erred in awarding judgment in favor of the plaintiff against him for the payments allegedly due under the terms of the lease. He urges that under our civil code and jurisprudence the rentals and the insurance obligation were the separate debts of his wife and not debts of their community of acquets and gains. We disagree.
Former Article 131 of the Louisiana Civil Code, which was in effect when this lease was executed and the obligations thereof were incurred, provided:
“If the wife is a public merchant, she may, without being empowered by her husband, obligate herself in anything relating to her trade; and in such case, her husband is bound also, if there exists a community of property between them. “She is considered as a public merchant, if she carries on a separate trade, but not if she retails only the merchandise be *321 longing to the commerce carried on by her husband.”
In King v. Dearman, 105 So.2d 293 (La. App. 1 Cir. 1958), the court was confronted with a similar factual situation. There two wives entered into a lease agreement to operate the premises as an ice cream parlor and for the sale of other foods to the public. The lessees failed to pay the rent under the terms of the lease and the lessor filed suit against the lessees and their husbands. The court held that the wives were public merchants in the dispensing of food and therefore under Article 131 the husbands also were liable for the rental and other obligations of the business under the lease. Also see Charles Lob’s Sons v. Karnofsky, 177 La. 229, 148 So. 34 (La.1933); and Wray Williams Display Co., etc. v. Finley, 391 So.2d 1253 (La.App. 1 Cir. 1980), writ refused, 396 So.2d 930 (La.1981).
As mentioned above, in the present case Elinore Huval’s wife entered into a lease agreement in order to operate a restaurant business. The plaintiff alleged that she failed to pay the rent when due and the insurance premium. On the basis of evidence admissible under the petition the trial court evidently determined that Mrs. Huval was a public merchant and that her husband was liable for the debts incurred in her business.
As this court stated in Landry v. Guillory, 344 So.2d 1138 (La.App. 3 Cir. 1977):
“To confirm a default judgment the plaintiff must establish a prima facie case proving his demand. LSA-C.C.P. art. 1702. The court minutes and the signed judgment indicate that such was done. “When having a default judgment confirmed, the plaintiff is not required to have the testimony reduced to writing or to have a note made of the evidence introduced, and on appeal, the defendant has the burden of overcoming the presumption that the judgment was rendered upon sufficient evidence and is correct. Francois v. Cloud, 149 So.2d 678 (La.App. 4 Cir. 1963); Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970). Here, no transcript or note of the evidence is found in the record, and thus it is presumed that the judgment of the trial court was rendered upon sufficient evidence and is correct.”
There is no transcript of the testimony or a narrative of the facts in this record and we conclude the presumption that the judgment of the trial court was rendered correctly upon sufficient evidence has not been overcome by the appellant.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.