MARVIN, Judge.
After her motion for new trial was denied, Ms. Wilson appeals a $1500 default judgment against her in this action that was brought by the bank on a continuing guaranty executed by Ms. Wilson. We affirm.
In the absence of a transcript of testimony or record evidence to the contrary, a default judgment is presumed to be correct and to be supported by sufficient evidence. CCP Arts. 1701-1703. Compare Landry v. Guillory, 344 So.2d 1138 (La.App.3d Cir. 1977); Allen v. Brandt, 438 So.2d 712 (La. App.2d Cir.1983).
Ms. Wilson contends she signed the continuing guaranty for the debts of Ms. Bessie Hoard and that the record shows that the guaranty was enforced against a debt of a corporation (Quality Employment Health Care Service, Inc.) for whom Ms. Hoard was a surety or mere endorser who made herself liable for the corporate debt by virtue of her endorsement. Ms. Wilson argues that because Ms. Hoard was not the debtor, under these circumstances, the continuing guaranty cannot be - enforced against her and the judgment should be reversed. We cannot agree.
The record made at the hearing on the motion for new trial establishes that three siblings, Ms. Wilson as secretary, Ms. Hoard as president, and Aaron Dawson as vice president, were the officers and apparent incorporators of the corporation mentioned and that the corporation sought to borrow $1500 for working capital from the bank on September 3, 1981. A corporate resolution (in printed form) was signed by Ms. Wilson and Ms. Hoard authorizing either of them to borrow money from the bank. On that same date the continuing guaranty in question was signed by Ms. Wilson and by Ms. Hoard, even though the debtor whose debts are guaranteed is Ms. Hoard and not the corporation. The guaranty, however, guarantees payment of “all debts and liability (whether direct, indirect, absolute, [or] contingent ...) which said Debtor [Ms. Hoard] may ... hereafter owe, or be liable to pay to said Bank ...” Brackets supplied.
Ms. Wilson does not dispute that Ms. Hoard, as the endorser of the note signed by the corporation to the bank, was liable in solido with the corporation for the debt. A judgment was rendered against Ms. Hoard and the corporation for the amount of the debt and apparently has become final.
The record before the motion for new trial was heard shows that the bank sued Ms. Wilson and introduced the judgment and the continuing guaranty signed by Ms. Wilson. We must presume that the evidence presented was sufficient to support the default judgment and that the relationship between Ms. Wilson, Ms. Hoard, and the corporation mentioned was shown when the default was confirmed.
By the express terms of the guaranty, Ms. Wilson obligated herself to pay $1500 toward all debts and liabilities owed the bank by Ms. Hoard whether those debts or liabilities were indirect or contingent.
*896 Ms. Wilson would have us construe the continuing guaranty as ambiguous and as extending only to money loaned by the bank directly to Ms. Hoard. The guaranty, however, and as we have quoted, expressly extends to the indirect or contingent debts and liability of Ms. Hoard. CC Art. 3039. Ms. Wilson may not be liable directly for the debt of the corporation of which she is or was the secretary, but is liable for the indirect and contingent liability of Ms. Hoard to the bank.
Under these circumstances, the trial court did not err in rendering the default judgment or in denying a new trial.
Judgment is AFFIRMED at appellant’s cost.