PLEON A. CANNIZZARO, JR., Judge.
The sole appellant in this case is James Dartez against whom a default judgment was rendered. The judgment for almost five million dollars was rendered against AW24 Corporation, Inc. and Mr. Dartez in *522 favor of The New Orleans Business and Industrial District.
FACTS AND PROCEDURAL HISTORY
The Industrial District leased to Royce Instrument Corporation the premises located at 13801 Old Gentilly Road in New Orleans. The lease provided that any rental payments received by the Industrial District from The Folger Coffee Company for the space it occupied in the leased premises would be credited against the rent owed by the lessee.
The lease was signed on behalf of the Industrial District by Eugene Green, its president, and the lease was signed on behalf of Royce Instrument by Harold A. Katersky, its chairman. Mr. Dartez’s name does not appear on the lease.
The Industrial District filed suit against AW24, InterGlobal Waste Management, Inc., Mr. Dartez, and Mr. Katersky, as well as an unnamed insurance company and unknown parties. The petition alleged that AW24 was ^formerly Royce Instrument and that InterGlobal Waste Management had acquired Royce Instrument by merger. It was also asserted that Mr. Dartez was the chief executive officer of AW24, the former chief executive officer and owner of Royce Instrument, and an officer or shareholder of InterGlobal Waste Management.
The petition alleged that Mr. Dartez, among others, promised additional capital expenditures in Royce Instrument’s New Orleans operations and the creation of two hundred new jobs in the city. Additionally, it was claimed that Mr. Dartez, among others, made representations that he knew or should have known were false. Finally, the petition stated that one rental payment was made under the lease, that a security deposit was made, but that no other payments were made. The claims that were made specifically against Mr. Dartez, among others, included allegations of detrimental reliance on statements made by Mr. Dartez and others, of conspiracy against the Industrial District to misrepresent the intentions of the lessee under the lease, of intentional torts, of negligence, of unjust enrichment, and of fraud. In addition to the unpaid rent under the lease, the Industrial District sought to recover punitive damages, attorney fees, and costs.
When Mr. Dartez failed to answer the petition within the prescribed time period, the Industrial District moved for a default against Mr. Dartez. The default was granted, and it was subsequently confirmed. A default judgment of almost five million dollars was rendered against Mr. Dartez.
| a At the hearing on the confirmation of the default, Mr. Green, the president of the Industrial District, testified. He identified copies of several documents that were introduced into evidence. Included among these documents were:
1. a Memorandum of Lease by and between the Industrial District, as lessor, and Royce Instrument, as lessee;
2. a Building and Ground Lease by the Industrial District in favor of Royce Instrument; and
3. an Amendment & Extension No. 1 to Lease Agreement between the Industrial District, as lessor, and Meyers Warehouse, Inc., as lessee.
Mr. Green also testified that even though Royce Instrument had leased the entire building, there was a tenant who remained in the building and paid rent to the Industrial District. That tenant was Folger Coffee. Pursuant to the terms of the lease, any rental payments that were made by Folger Coffee to the Industrial District were to be credited to the lease payments owed by Royce Instrument. *523 Mr. Green testified that after Folger Coffee moved from its location at 13801 Old Gentilly Road, the space that had been occupied by Folger Coffee was leased to Meyers Warehouse.
After the hearing on the confirmation of the default, the trial court judge rendered judgment against Mr. Dartez in the amount of the unpaid rentals on the lease to Royce Instrument less a credit for rental payments that had been paid by Folger Coffee and Meyers Warehouse. Mr. Dar-tez is now appealing that judgment.
UDISCUSSION
Applicable Law
La. C.C.P. art. 1701(A) provides that if a defendant fails to answer a suit within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by an oral motion in open court or by a written motion that has been mailed to the court. The judgment merely consists of an entry in the court’s minutes. La. C.C.P. art. 1702(A) provides that a default judgment “must be confirmed by proof of the demand sufficient to establish a prima facie case.”
La. C.C.P. art. 1702(B)(1) states the proof required when the plaintiffs demand is on a conventional obligation:
When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima fa-cie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
La. C.C.P. art. 1702(B)(2) states the proof required when a plaintiffs demand is on a delictual obligation:
When a demand is based upon a delic-tual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
In Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993), the Louisiana Supreme Court set forth the following requirements for obtaining a default judgment:
|fiIn order for a plaintiff to obtain a default judgment, “he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962). “In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.” Thibodeaux, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972); see also Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789, 790 (1953).
616 So.2d at 1258.
In Cornish v. Doctors Care, LLC, 2002-0285 (La.App. 4 Cir. 6/12/02), 819 So.2d *524 1158, this Court stated that “[w]here ... the confirmation hearing was transcribed for our review, it is incumbent upon this Court to determine whether the evidence supporting the judgment is both competent and sufficient to sustain the plaintiffs burden of proving a prima facie case.” 2002-0285, p. 4, 819 So.2d at 1161. This Court further stated “[j]udgments of default are reviewed generally under the manifest error standard.” Id. See also Gresham v. Production Management, Inc., 2002-1228, p. 3 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, 176, where this Court said that “[i]n reviewing a default judgment, an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case.”
| ^Assignment of Error
Mr. Dartez has raised several assignments of error on appeal. Only one assignment of error needs to be considered, however, because our finding in connection with that assignment of error is dispositive of this appeal.
In his first assignment of error, Mr. Dartez contends that the trial court erred in entering a judgment against a defendant when “not a single iota of evidence has been admitted” against him. In the instant case the only evidence adduced at the hearing to confirm the default consisted of the documentary evidence introduced by Mr. Green and his testimony regarding the documents. There was nothing in any of the documents that mentioned Mr. Dar-tez, and there was nothing in Mr. Green’s testimony that referred to Mr. Dartez. In fact, the entire record of the testimony was totally devoid of any reference to Mr. Dar-tez. There was certainly no evidence that Mr. Dartez was individually liable on the lease. Based on the evidence and the testimony at the hearing to confirm the default against Mr. Dartez, we find that the Industrial District failed to present a prima facie case against Mr. Dartez and, thus, failed to meet its burden of proof. Therefore, the trial court committed manifest error in confirming the default against Mr. Dartez.
CONCLUSION
The judgment of the trial court against Mr. Dartez is reversed. This case is remanded to the trial court.
REVERSED AND REMANDED.