**PLANTERS' BANK & TRUST CO. v. GUILBEAU.***

No. 1291.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1933.

A. M. Guilbeau, of Opelousas, for appellant.

L. B. Sandoz, of Opelousas, for appellee.

LE BLANC, Judge.

Planters' Bank & Trust Company held certain mortgage notes executed by W. B. Powers and others, aggregating the sum of $2,300. Powers Bros. held a promissory note of the defendant, Guilbeau, in the sum of $900, payable to their order, which they in turn indorsed through one of the copartners, W. B. Powers, and pledged to the bank as collateral security for the payment of their mortgage notes. This note of Guilbeau was dated February 13, 1931, and had been reduced by seven payments of $75 each, which had been made to the bank.

In the course of time, the liquidators of the bank foreclosed on the mortgage notes of the Powers, but at the sale of the property foreclosed there was not realized a sum sufficient to pay the bank in full. The liquidators then instituted the present suit on the pledged note against the maker, Guilbeau.

Defendant first filed an exception of no cause of action, which was overruled by the court, whereupon plaintiff had a preliminary default entered. Defendant filed no answer, and did not otherwise put the case at issue. Nevertheless, the minutes of court show that it was regularly fixed for trial at various times from January to April, 1933, and finally taken up and tried and judgment rendered in favor of the plaintiff on April 22, of that year. On April 29, 1933, defendant's counsel, in open court, moved for a suspensive appeal, which was granted and made returnable to this court, and in due time the appeal was

*Rehearing denied January 22, 1934.

perfected. The case was placed on the docket for hearing at Opelousas on October 16, 1933, and on that day it was agreed to have it submitted at this court's session to be held at New Iberia on October 23, 1933. In the meantime, plaintiff filed an answer to the appeal, claiming 10 per cent. on the amount of the judgment as damages for frivolous appeal.

Counsel for defendant has made no appearance whatever before this court and has filed no brief, and we therefore do not know on what ground he expects to have the judgment of the district court reversed. From brief of counsel for plaintiff, we learn that the exception raised some question as to the indorsement on the note and to the payments which appear to have been made thereon. The indorsement appears to be regular in every way, having been made by one of the partners of the copartnership, makers of the note. The partner who made the indorsement is shown to have been the one who usually attended to the business of the partnership with the bank, and his authority is not questioned. The rules regulating the powers and duties of partners in respect to the administration of the affairs of the partnership, when there is no agreement to that effect in the act of partnership itself, are found in article 2870 of the Revised Civil Code, the very first providing as follows: "The partners are supposed to have given, reciprocally, to each other the power of administering one for the other. What one does is valid, even for the share of his partners, without receiving their approbation, saving the right which they or every one of the partners has to oppose the operation, before it be concluded."

The power of every member of a commercial partnership to bind the others by drawing or indorsing commercial paper is well recognized, and it has been specifically held that, if among themselves the partners have established a different rule, such rule would be without effect against third parties who had no knowledge of the agreement. H. T. Cottam v. George H. Smith & Co., 27 La. Ann. 128.

We really cannot see, however, what interest the defendant would have in questioning the indorsement on the note. He had the direct obligation of paying it, and his interest was in seeing that he was properly discharged. In this connection we note the payments that were made were made by himself to the bank, and this constituted a recognition on his part that the bank held the note under its pledge. Besides, he was fully protected under the law in making the payments as he did, for article 2145 of the Revised Civil Code, in prescribing the cases in which the debtor "is discharged by a payment made in good faith to one who is really not the creditor nor empowered by him," enumerates as the first: "When the debt is due on an instrument in writing, payable to the bearer, or payable to order, and indorsed, or if not payable to the bearer, if it be assigned in blank, or to bearer, and the payment is made to one in possession of the original evidence of the debt."

The defendant here made his payment to the bank, which was in possession of the note, and he need have no fear of his right to be discharged as to those payments.

Other than these matters which we have taken the trouble to enter into a discussion of, there is nothing further to consider in the case. The entry of the preliminary default had the effect of tacitly joining the issue between the parties in the case. Code of Practice, art. 360. The judgment appealed from contains the statement that plaintiff adduced evidence in support of its demand to the satisfaction of the court. The presumption is that the judgment is correct. The course pursued by the defendant throughout the whole case impresses us as one calculated to unduly delay the plaintiff in the enforcement of its claim. His failure to make any appearance whatever in this court after having perfected a suspensive appeal is an indication that he was not serious in having obtained it. Under the circumstances, the plaintiff having so demanded, we feel constrained to allow damages as for frivolous appeal.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by allowing the additional sum of 10 per cent. on the amount awarded, and that, as so amended, it be affirmed; all costs to be paid by the appellant.