BAILES, Judge.
This court issued herein an alternative writ of mandamus directed to the Honorable Jess Johnson, Judge of the Nineteenth Judicial District Court in and for East Baton Rouge Parish, commanding him to order the granting of a jury trial in this matter as prayed for, said order to issue on or before June 18, 1965, or to show cause on the date aforesaid why this writ should not be made peremptory.
No factual questions are involved herein, but only issues of law are presented for determination by this court, in the application for alternative writ heretofore issued.
The applicants for the writ are Felix H. Toups, Toups-Cook Truck Sales, Inc., and Employers Mutual Liability Insurance Company of Wisconsin, however as will be shown hereinafter only Felix H. Toups is the real party at interest in the application. The respondent, Mrs. Fred C. Morgan, is plaintiff in the main action.
The pertinent chronology of events leading up to this proceeding is as follows: On September 23, 1963, plaintiff instituted this *787 tort action against Toups-Cook Track Sales, Inc., Employers Mutual Liability Insurance Company of Wisconsin, Asphalt Transport Inc., and Allstate Insurance Company. After these named defendants answered the suit, it was fixed for trial on the merits for October 23, 1964, before the Honorable Jess Johnson, the presiding judge. At the conclusion of the trial the case was submitted to the court for adjudication. On November 16, 1964, without any notice or hearing, the trial judge ordered the joinder of a new defendant, Felix H. Toups. After disposition of certain preliminary motions and other motions filed by all defendants, the new defendant, Felix H. Toups, on February 16, 1965, filed an answer to the plaintiff’s original and supplemental petitions, and on that date obtained an order for a trial by jury. On March 31, 1965, plaintiff filed a motion and obtained an order of the trial court for defendant, Felix H. Toups, to show cause why the order for the jury trial should not be recalled and set aside. A hearing thereon was had on April 12, 1965, which resulted in a recall of the order for the jury trial previously granted to Felix H. Toups, and formal judgment thereof was signed on May 6, 1965.
Respondent’s position as stated in her brief is as follows:
“On December 1, 1964, Felix H. Toups filed motions and exceptions to plaintiff’s supplemental and amending petition filed on November 16, 1964, and at the same time filed a motion to render judgment on the evidence submitted, all of which were denied by the trial court.”
“The defendant, Felix H. Toups then applied to this court for a writ of cer-tiorari, prohibition and mandamus, which was refused by Your Honors on January 20, 1965.”
“On February 26, 1965, some 26 days after the writs were denied by this court, the defendant Felix H. Toups filed an answer to plaintiff’s supplemental and amending petition, in which he prayed for a trial by jury. The motion and order for a jury trial was prayed for and obtained more than three months after plaintiff’s supplemental and amending petition was filed and served, making Felix H. Toups, individually a defendant, and 26 days after this court had refused to grant defendant’s writs. Granting that the filing of an application in this court would extend the time for defendant to file answer to plaintiff’s amending and supplemental petition, the defendant was eleven days in default in filing an answer. Therefore, the defendant waived any right for a jury trial and it cannot again be revived except by agreement of both parties.”
The respondent is relying on the provisions of LSA-C.C.P. Article 1732, and specifically the ten day provision therein in an effort to invoke a waiver on the part of the defendant, Toups, to a trial by jury.
LSA-C.C.P. Article 1732 provides:
“A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.”
Respondent, in her brief, quotes from the Official Revision Comments, paragraph (a), as follows:
“The former rule, permitting the request for jury trial to be made at any time before the case was assigned for trial, has proved difficult to administer, and was discarded in favor of the federal rule.”
A literal reading of LSA-C.C.P. Article 1732, in the light of the respondent’s argument would impose on the defendant the obligation of requesting a jury trial prior to the expiration of the dclaj'- for answering the petition of the plaintiff, the petition being the last pleading.
*788 There is no issue between the plaintiff and defendant merely by the filing- of a petition stating a cause of action against a named party-defendant. There is no issue between a plaintiff and a defendant either until the defendant files an answer to the demands of the plaintiff, or until the plaintiff obtains the legal entry of a preliminary default. See: A. J. Hodges Industries v. Fobbs, La.App.1949, 39 So.2d 91; and Planters’ Bank and Trust Co. v. Guilbeau, La.App.1933, 151 So. 264.
There was no joinder of issue herein between the plaintiff-respondent and defendant-applicant until the defendant, Toups, filed his answer; and this answer was the last pleading directed to such issue. Inasmuch as defendant requested trial by jury in his answer he was clearly within the delays provided for in LSA-C.C.P. Article 1732, supra.
The Official Revision Comments on LSA-C.C.P. Article 1732, paragraph (b) are apropos:
“Normally, the demand for a jury trial would be made by the plaintiff in his petition, or made by the defendant in his answer. If not made then, under the above article it may be made in a supplemental pleading filed timely. This supplemental pleading would have to be filed not later than ten days after service of the answer, if there was no incidental demand; or not later than ten days after service of the answer to the incidental demand. However made, the pleading in which it was made would have to be served on the adverse partjr. See Art. 1312, supra.”
Respondent further argues that the defendant, Toups, has been a party defendant to this lawsuit from the time of the filing of the answer by the originally named defendants and that the respondent, by naming Toups a defendant by supplemental and amending petition has not raised any new issues in the case, and accordingly, defendant, Toups, has waived a trial by jury by not timely moving for such in the proceedings previously conducted in the trial court.
Our appreciation of the answer of the defendant, Toups-Cook Truck Sales, Inc., and Employers Mutual Liability Insurance Company of Wisconsin does not have the effect of making Toups a party defendant. Toups was not named as a defendant in the original petition nor in any answer filed by the original defendants, nor was he ever served with any petition or other pleading, and no appearance was made by him in any proceeding conducted prior to November 16, 1964. Whatever reference may have been made by other defendants in their answers clearly cannot and does not have the effect of making Felix H. Toups a party defendant, nor can such be construed as a waiver of trial by jury on the part of defendant, Toups.
We find that the application for trial by jury contained in the answer of defendant, Felix H. Toups, was timely filed and that he is entitled to have the issues of this lawsuit tried by a jury.
Accordingly, it is hereby ordered, adjudged and decreed that the alternative writ of mandamus issued herein on the 1st day of June, 1965, directed to the Honorable Jess Johnson, Judge of the Nineteenth Judicial District Court to order the granting of a jury trial in this matter as prayed for be maintained and made absolute, and this case is remanded to the trial court to be reassigned for trial by jury.
Writ maintained and made absolute, and case remanded for further proceedings not inconsistent herewith.