302 So.2d 320 (1974)
AMERICAN FIDELITY FIRE INSURANCE COMPANY
v.
BINNINGS CONSTRUCTION COMPANY, INC. and Harol, Inc.
No. 6350.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
*321 Bernard J. Capella, New Orleans, for plaintiff-appellant.
Bryan & Caraway, John F. Caraway and Harry V. Singreen, New Orleans, for defendants-appellees.
Before STOULIG, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff, American Fidelity Fire Insurance Company (American) appeals from a judgment in favor of defendant, Binnings Construction Company, Inc. (Binnings), maintaining its exception of no right or cause of action and dismissing American's petition for nullity of a judgment obtained by Binnings against American on May 21, 1973.
The petition for nullity filed on June 27, 1973, against Binnings and Harol, Inc. (Harol), alleged that Binnings and Harol had brought suit against American as the surety on a bond in connection with a demolition contract between Binnings and American's principal, Henry Covington, d/b/a Covington Used Lumber & Demolishing Company, Inc. (Covington); that American filed no answer and a preliminary judgment of default was taken and confirmed in favor of Binnings and Harol against American on May 21, 1973; that *322 on May 24, 1973, after a trial on the merits a judgment was rendered in favor of Covington, dismissing Binnings' suit as of non-suit; that the default judgment against American is null and void for the reason that a valid default judgment could not be taken against American as a surety where there is no adjudication that its principal is liable; that the judgment was therefore prematurely obtained and was obtained by ill-practice; that the rendition of the judgment in favor of the principal had the legal effect of releasing American as the surety; and that the maintenance of such a judgment against American "would be unconscionable and inequitable, and could create an enlargement of the terms of the lien bond, or obligation sued upon." The petition incorporates by reference copies of the judgments of May 21 and 24, 1973.
The peremptory exception filed only by Binnings was on the following grounds:

"I.
The Judgment which is part of these proceedings was made final against the American Fidelity Fire Insurance Company on May 21, 1973; that no appeal was taken from this Judgment.

"II.
The record of these proceedings shows that the American Fidelity Fire Insurance Company was duly served and a default confirmed in accordance with law; that the Defendant has no cause and no other action to nulify this Judgment because it had had full opportunity to present any grounds of defense, but failed to do so."
From our review of the actual record before us on appeal it appears that American relied upon LSA-C.C.P. Art. 2004, which provides that a final judgment obtained by ill-practices may be annulled. American's allegations were confined to its standing in the original suit as a surety only and its relationship to its own principal and to the obligees (Binnings and Harol) under the bond it had posted. While these matters might have afforded American a legal defense to the original claim had they been properly and timely pleaded or might have provided American with grounds for a reversal of the judgment had a timely appeal been taken, they do not provide a legal basis for an action of nullity under Art. 2004. There is no allegation in American's petition to show that the default judgment taken against it was obtained by ill-practices as this phrase has been defined and explained in the jurisprudence. Accordingly, we find no error in the trial judge's maintenance of the peremptory exception as the matter was presented to him.
However, in this Court American's present counsel who did not represent American until October 31, 1973, and who was employed for the expressed purpose of prosecuting an appeal in American's behalf, has brought to our attention certain irregularities which indicate that a valued judgment of default was not taken against American in the first instance, forming the basis for an action of nullity pursuant to LSA-C.C.P. Art. 2002(2). These irregularities are apparent upon a study of the original record in the Civil District Court, entitled "Binnings Corporation Company, Inc. v. Henry Covington, d/b/a Covington Used Lumber & Demolishing Company, Inc. and The American Fidelity Fire Insurance Company," initiated by Binnings alone on March 3, 1972. That record shows that Covington and American were served with the petition, that on March 23, 1972, Covington obtained an extension of time in which to plead and on April 6, 1972, filed an answer. On August 2, 1972, a preliminary default judgment was granted in favor of Binnings and against American which had filed no pleadings.
On October 10, 1972, a supplemental petition was filed by Binnings and Harol (who then became a party to the litigation for the first time) in which they both reiterated *323 the allegations of Binnings' original petition and said the following:

"II.
Harol, Inc. is an indispensable party to this law suit and desires to join herein as a party plaintiff;"
Pursuant to the request of Binnings and Harol in this supplemental petition Covington and American were cited and served with copies of same, and on May 21, 1973, the default judgment of August 2, 1972, taken only by Binnings was confirmed by Binnings and Harol.
LSA-C.C.P. Arts. 1701 and 1702 provide that a judgment by default may be rendered against the defendant who fails to answer and may thereafter be confirmed after two days from the entry of the judgment of default. A plaintiff must obtain a preliminary default against a defendant as a prerequisite to obtaining a valid judgment of default against him. Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir. 1964).
LSA-C.C.P. Art. 1151 in providing for the plaintiff's right to amend his original petition prescribes that "A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer ..." It seems clear from this article that any plaintiff who amends the original petition after taking a preliminary default against defendant is required to take another preliminary default as a preprequisite to obtaining a valid judgment against the defendant on the amended petition.
The pleadings filed in the instant case make this especially apparent since Binnings, the original plaintiff, filed the supplemental petition for the sole purpose of joining a new plaintiff whom Binnings itself classified as an indispensable party. Under LSA-C.C.P. Art. 641 "No adjudication of an action can be made unless all indispensable parties are joined therein." Yet Binnings confirmed a default judgment against American on a default taken by it before it even brought into the lawsuit Harol, whom Binnings alleged was an indispensable party. The absence of a second preliminary default judgment in favor of Binnings and Harol against American strikes at the validity of the judgment and would support an action of nullity pursuant to Art. 2002(2).
The matters which we have discussed in connection with the validity of the default judgment were not pleaded by American in the trial court but they have been brought up on appeal. The entire record of the original proceedings is a part of the record on appeal having been incorporated by reference in the original exception filed by Binnings to the action of nullity.
Under LSA-C.C.P. Art. 934 when the grounds for objection pleaded by peremptory exception may be removed by amendment of the petition the trial court must grant to plaintiff leave to amend. Since we have concluded that American can state a cause of action in an amended petition it follows that the portion of the judgment appealed from dismissing American's petition must be reversed and the matter remanded to the trial court to afford American an opportunity to amend.
The trial judge ordered "That the exception of no right or cause of action be and the same is maintained" despite the fact that Binnings did not plead the exception of no right of action provided for in LSA-C.C.P. Art. 927(5). Clearly American had a right of action so that the judgment must be reversed insofar as it maintained the exception of no right of action.
Accordingly, the judgment appealed from is affirmed insofar as the exception of no cause of action was maintained, but is reversed insofar as the exception of no right of action was maintained and insofar as American's petition for nullity was dismissed. *324 The case is remanded to the trial court for further proceedings consistent with this opinion. Binnings is to pay the costs of this appeal.
Affirmed in part, reversed in part and remanded.