GULOTTA, Judge.
The thrust of plaintiffs motion to dismiss the devolutive appeal is two-fold: 1) that the motion for appeal and the appeal bond were untimely filed; and, 2) that the apparent signature of the appellant, Joan Vitrano, on the appeal bond is not her signature and the appeal bond is therefore invalid. The motion to dismiss is denied.
On October 22, 1976, a default judgment was rendered against the defendant, Joan Vitrano. No evidence is contained in the record that personal service of process was effected on defendant.[1] Further, the record does not contain a certificate from the clerk showing the date on which notice of the signing of the judgment was mailed to defendant Joan Vitrano. Indeed, the record does not disclose that any notice of judgment was sent to the defendant. The judgment has a notation on it which reads as follows:
“Copy sent to: Charles Lagarde, Jr and Steve Griffith. Dated October 22, 1976”
Neither Lagarde nor Griffith represents Joan Vitrano. Failure to send a notice of judgment as required in the instant case is in derogation of LSA-C.C.P. art. 1913.[2] Un *304 der the circumstances, the time for the filing of a motion for a new trial[3] and for the filing of a devolutive appeal[4] has not commenced to run. Accordingly, a motion for appeal filed on January 17, 1977, and an appeal bond filed on January 20, 1977, have not been untimely filed.
The attack in this court on the validity of the bond is also without merit. LSA-C.C.P. art. 5125 provides that no appeal shall be dismissed on the ground that the bond furnished is insufficient or invalid unless the party who furnished the bond is afforded an opportunity to furnish a new or supplemental bond as provided for in LSA-C.C.P. art. 5124. The attack on the invalidity of the appeal bond must be made in the trial court. LSA-C.C.P. arts. 2088, 5123, and 5124. The motion to dismiss the appeal is denied.

MOTION DENIED.

. The record fails to disclose any service of process on the defendant. The supplemental and amended petition making Joan Vitrano a party defendant contains a certificate of the attorney for plaintiff that the supplemental petition was mailed to Steven F. Griffith, Sr., attorney. However, Griffith represents a co-defendant, Gregory Vitrano, but does not represent defendant, Joan Vitrano, the appellant herein.

. LSA-C.C.P. art. 1913 reads as follows:
Art. 1913. Notice of judgment
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions *304 or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.
“Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
“If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.
“The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
“Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.”

. LSA-C.C.P. art. 1974 reads as follows:
Art. 1974. Delay for applying for new trial
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”

. LSA-C.C.P. art. 2087 reads as follows:
Art. 2087. Delay for taking devolutive appeal
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be taken, and the security therefor furnished, within sixty days after:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
“When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee,' may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first Paragraph of this Article, or within ten days of the granting of the first devolutive appeal in the case, whichever is later.”