353 So.2d 398 (1977)
Sam J. VITRANO
v.
Gregory VITRANO.
No. 8570.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
Rehearing Denied January 11, 1978.
*399 Charles S. Lagarde, Jr., Luling, for Sam J. Vitrano, plaintiff-appellee.
Gordon Hackman, Boutte, for Gregory Vitrano, defendant-appellant.
Before LEMMON, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
The issue presently before us is a procedural matter, arising out of a suit to annul an act of sale of real estate for lack of consideration. One of the defendants, Joan Melancon Vitrano, took a devolutive appeal from a default judgment annulling the sale and ordering the property transferred back to plaintiff, Sam J. Vitrano, and it is the timeliness of this appeal which is in question.
The default judgment was signed on October 22, 1976, no new trial was requested, and on January 10, 1977 Joan Vitrano filed a petition for suspensive appeal, accompanied by a bond. This was denied the same date by the trial judge on the ground that the delays had passed. However, on January 17, 1977, the trial judge signed an order of devolutive appeal and another bond was posted on January 20th. Appellee, Sam J. Vitrano, then filed answer in this court seeking damages for frivolous appeal, together with a motion to dismiss the appeal because it was untimely filed.
We considered that motion and denied it because there was no evidence contained in the record to show personal service of process on the defendant and no showing that the notice of judgment required in C.C.P. Article 1913 was sent. Without proof of one or the other situation, the motion to dismiss was necessarily denied. See 346 So.2d 303.
Since that time, the record has been supplemented by the filing of service of process and citation with the return of the Sheriff showing personal service upon the defendant, Joan Melancon Vitrano, on the 23rd day of September, 1976. The appellee has filed another motion to dismiss, and the matter came up along with the regular assignment on the merits. In any event we are required to notice, sua sponte, our lack of jurisdiction. Reeves v. Reeves, La.App. 1975, 315 So.2d 162. As the record now stands in this case, there was personal service on the defendant which removes the requirement of notice of judgment under C.C.P. Article 1913, and the appeal before us is on the face of the record, untimely taken.
We call attention to the fact that from the date of judgment, October 22, 1976 to the filing of the devolutive appeal bond, January 20, 1977, ninety days have elapsed. C.C.P. Article 2087 had previously provided that the delay for taking a devolutive appeal was within 90 days after delay for applying for new trial or refusal of one, but it was amended effective October 1, 1976 to provide a sixty day period instead. In this case, no new trial was requested and the delay began to run from the expiration of the time in which to seek a new trial. Since more than 60 days have lapsed, the appeal is untimely. The jurisdiction of this court attaches only upon the timely filing of the order of appeal and the appeal bond. C.C.P. Article 2088. Accordingly, we dismiss the appeal of Joan Melancon Vitrano at her costs.
Because of our lack of jurisdiction, we do not consider the question of damages for frivolous appeal.
APPEAL DISMISSED.