365 So.2d 1171 (1978)
Doug ASHY et al., Plaintiffs-Appellees,
v.
COSMOPOLITAN CREDIT & INVESTMENT CORPORATION et al., Defendants-Appellants.
No. 6756.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
*1172 Donald R. Miller, Shreveport, for defendants-appellants.
Ross A. Brupbacher, New Iberia, for plaintiffs-appellees.
Jon Sarver, Norris Sarver, Lake Charles, for defendant-appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
FORET, Judge.
This is a suit filed on March 14, 1978, by two of eight guarantors against four of the remaining guarantors of a continuing guarantee agreement. No answer was filed by any of the defendants, and on April 10, 1978, plaintiff allegedly entered a preliminary default against two of the defendants and then after a hearing on April 27, 1978, confirmed the default as to the two defendants, Cosmopolitan Credit & Investment Corporation and Elizabeth Erholm.[1] They have timely appealed the default judgment.
Upon appeal, Cosmopolitan and Erholm urge that the trial court erred in entering a judgment of default when a preliminary default was not entered prior to such confirmation. We have determined that the defendants are correct in this allegation, and we thus reverse the decision of the trial court without need to consider other assignments of error.
Articles 1701 and 1702 of the Louisiana Code of Civil Procedure provide for the taking of a judgment by default:
"Art. 1701. Judgment by default
If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes."
Amended by Acts 1968, No. 126, § 1. "Art. 1702. Confirmation of default judgment
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
Amended by Acts 1968, No. 88, § 1.
In the present suit, the only "preliminary default" shown is entered as follows at Page one (1) of the transcript:
"Lake Charles, Louisiana, April 10, 1978.
Court met, His Honor L. E. Hawsey, Jr., Judge presiding, with Alphonse Mancuso, Deputy Sheriff, and Agnes Kloor, Deptuty [sic] Clerk of Court, in attendance.
THE COURT ORDERS A PRELIMINARY DEFAULT ENTERED IN EACH OF THE FOLLOWING CASES:
78-2045 Doug Ashy, et al. vs. Forrest Village Partnership"

* * * * * *
No place in the record is there entered a preliminary default against Cosmopolitan or Erholm, appellants herein. Who or what Forrest Village Partnership is or was is not revealed by the record of the case.
*1173 The presumption that a default judgment is founded on sufficient evidence is only a prima facie presumption which may be overcome by evidence in the record to the contrary. Robertson Factories, Inc. v. Southern Apartment Furnishings, 316 So.2d 145 (La.App. 2 Cir. 1975); Baker Finance Company v. Hines, 255 La. 971, 233 So.2d 902 (1970). As there is no evidence in the record of a preliminary default being entered against the appellants, the default judgment against them must be vacated.
"LSA-C.C.P. Arts. 1701 and 1702 provide that a judgment by default may be rendered against the defendant who fails to answer and may thereafter be confirmed after two days from the entry of the judgment of default. A plaintiff must obtain a preliminary default against a defendant as a prerequisite to obtaining a valid judgment of default against him. Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir. 1964)."

American Fidelity Fire Ins. Co. v. Binnings Const. Co., Inc., 302 So.2d 320 (La. App. 4 Cir. 1974).
There is no joinder of issue between a plaintiff and defendant until defendant files an answer or the plaintiff obtains the legal entry of a preliminary default against the defendant. Morgan v. Toups-Cook Truck Sales, Inc., 178 So.2d 786 (La.App. 1 Cir. 1965); Gossett v. Nealy, 230 So.2d 671 (La.App. 3 Cir. 1970); Guaranty Bank & Trust Co. v. Quad Drilling Corp., 284 So.2d 351 (La.App. 1 Cir. 1973), writ refused.
Finding no valid preliminary default was entered against these two named defendants as required by Code of Civil Procedure Article 1702, the default judgment entered by the trial court is reversed and remanded to the trial court for further proceedings.
Costs at the trial level and of this present appeal shall be assessed by the trial court, as in its judgment appears equitable, after further proceedings in the matter at the trial court level.
REVERSED AND REMANDED.
NOTES
[1] Cosmopolitan had been served with process on March 16, 1978, and Erholm had been so served on March 20, 1978.