SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing her action to annul a default judgment taken against her on October 22, 1976.
In the proceedings leading up to the default judgment Sam Vitrano originally brought suit against Gregory Vitrano only as head and master of the community between him and his wife, Joan Marie Melan-con, who is the appellant herein. Sam Vi-trano sued to have the sale of some immovable property by him to Gregory and appellant rescinded and declared null and void as a simulation in that no part of the stated cash consideration of $1500 was paid to Sam. Gregory answered and Sam moved for a summary judgment.
In denying this motion on September 1, 1976, the trial judge reasoned that in the sale sought to be rescinded both Gregory and appellant took title as purchasers. He noted further that there was now pending on his docket separation proceedings between Gregory and appellant and an injunction in effect against Gregory from alienating community property. He concluded that Sam’s proceedings had to be directed against Joan as well as Gregory.
Sam filed a supplemental petition joining appellant in the proceedings and on September 21, 1976, she was served in person with the petition, the supplemental and amended petition and the citation. When appellant made no appearance a default was entered and was subsequently confirmed against her. She took an appeal to this court from the judgment but it was untimely and was dismissed. Vitrano v. Vitrano, 353 So.2d 398 (La.App. 4th Cir. 1977). She now seeks to annul the judgment.
In her petition to annul the judgment granting a rescission to Sam Vitrano she alleged that fraud was perpetrated on her in that Sam and Gregory Vitrano both “knew that the purported sale was a valid donation in disguise” and that the action to rescind the sale was the result of collusion between the Vitranos. Sam filed an exception of no cause of action.
The trial judge maintained the exception and granted appellant fifteen days in which to amend her petition so as to state a cause of action. This judgment was signed on January 30,1978. By March 3 she had filed no amending petition and on that date the trial judge, on motion of Gregory Vitrano, dismissed her suit to annul the judgment of October, 1976.
Appellant did not make any oral argument in this court and filed a pro forma type brief on the date the case was sched *70 uled for argument, claiming that the dismissal of her suit on the ex parte motion of her co-defendant deprived her of due process in violation of her constitutional rights.
This is not a question of an absence of due process, but rather a failure on the part of the litigant to avail herself of procedural remedies which are more than adequate in order to afford the litigant due process. Plaintiff has cited no authority for the proposition that a plaintiff is entitled to an additional hearing before the case is dismissed because of plaintiff’s failure to state a cause of action where the plaintiff was given time in which to amend the petition in accordance with C.C.P. Art. 934. On the contrary, the article mandates the dismissal of the suit under such circumstances.
Since she fails to argue the merits of her case, appellant apparently concedes that she states no cause of action. Suffice it to say that she is attempting to raise in an action of nullity that which was available to her as an affirmative defense of fraud. She does not allege any facts to show that the judgment was taken against her as a result of fraud or ill practices. A defense on the merits is not available as a ground for an action of nullity. American Fidelity F. Ins. Co. v. Binnings Const. Co., Inc., 302 So.2d 320 (La.App. 4th Cir. 1974), Steele v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.