CHIASSON, Judge.
Defendants-appellants, Mr. James H. Dyer and I. I. Rosen, appeal an August 15, 1980 judgment setting aside an act of sale of succession property and ordering the return of said property to the Succession of George Harrison. The judgment appealed from was rendered pursuant to a motion for a judgment on the pleadings[1] filed by the Executor of the succession, James M. Harrison.
*363 Because we hold that the motion for judgment on the pleadings was improvidently granted and we are remanding the case to the trial court for further proceedings, we will not discuss the other issues presented by appellants in their appeal.
An action to set aside an authentic act of sale must be by a proceeding via ordinaria. Issue is joined in such a proceeding by answer or by the entry of a preliminary default. Ashy v. Cosmopolitan Credit & Investment Corporation, 365 So.2d 1171 (La.App. 3rd Cir. 1978).
A motion for judgment on the pleadings is provided for by Code of Civil Procedure, Article 965, which states in pertinent part, as follows:
“Any party may move for judgment on the pleadings after the answer is filed, .. .(Emphasis ours).
As seen, the mandates of the Code of Civil Procedure preclude the use of a motion for judgment on the pleadings when an answer has not been filed. We not only find no answer to plaintiff’s petition, but find there were exceptions filed and still pending when the judgment on the motion was rendered by the trial court.
For these reasons, the judgment of the trial court setting aside the act of sale on a motion for judgment on the pleadings is declared null and void and the case is remanded to the trial court for further proceedings consistent with this opinion.
Costs of this appeal are assessed against James M. Harrison.
JUDGMENT VOIDED AND CASE REMANDED.

. The judgment of the trial court erroneously refers to the matter as coming up on a motion for summary judgment.