SAVOIE, Judge.
Defendant, Martin Exploration Co. (Martin), devolutively appeals the trial court’s confirmation of a default judgment against it, contending that plaintiff, Clark Oil Company, Inc. (Clark), failed to comply with the requisite statutory provisions.
On May 21, 1982, Clark filed suit to enforce a lien and recover monies allegedly owed it by Martin under an open account. Martin failed to answer timely, and on June 17,1982, a default judgment was confirmed against it.
Martin contends the trial court erred in: (1) confirming a default judgment where the record did not show the entry of a preliminary default, (2) confirming a default judgment where Clark failed to prove all of its claims, and (3) granting attorney’s fees where the provisions of L.S.A.-R.S. 9:2781 were not met.
Articles 1701 and 1702 of the Louisiana Code of Civil Procedure provide for the taking of a judgment by default:
“Art. 1701. Judgment by default “If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.”
“Art. 1702. Confirmation of default judgment
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
“When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable *1187 instrument, no proof of any signature thereon shall be required.”
In the instant matter, Martin first asserts that the default judgment is defective in that: (1) there is no evidence in the record to substantiate that a preliminary default judgment was entered against it, and (2) the delay required by law between the filing of suit and the alleged entry of the preliminary default was not met.
It is well settled in Louisiana that the confirmation of a default judgment cannot be had unless there is evidence in the record of a preliminary default having been entered prior to such confirmation. Ashy v. Cosmopolitan Credit & Investment Corporation, 365 So.2d 1171 (La.App. 3rd Cir.1978).
Here, the record does not reflect that a judgment of default was entered against Martin. The only indication which reflects the entry of a judgment of default against Martin is the unsworn statement of Clark’s counsel to the court that it was entered. There being no evidence in the record of its being entered, the confirmation of the default judgment must be vacated. Ashy, supra.
Additionally, the record shows that the suit was filed on May 26, 1982; that the default judgment was allegedly entered on June 4, 1982; and that the confirmation of the default was rendered on June 17, 1982. The elapsed time between the filing of suit and the alleged entry of the default judgment (i.e., nine days) was less than the time allowed for answering a petition (i.e., fifteen days). L.S.A.-C.C.P. 1001. As such, the default judgment is null and void.
Finding no valid default judgment (i.e., preliminary default) was entered against Martin as required by L.S.A.-C.C.P. art. 1702 and that the delay period for confirming a default as required by L.S.A.-C.C.P. art. 1001 was not met, the confirmation of the default judgment is hereby reversed and the matter remanded to the court for further proceedings.
Plaintiff is to pay all costs of this appeal.
REVERSED AND REMANDED.