_JJONES, Judge.
Plaintiffs/Appellants, Benoit Stein, individually and as natural tutor for his minor daughter, Rhiannon Marie Stein, and Lynn Stein filed suit against St. Bernard United Methodist Church (St.Bemard) and Reverend E.J. Martin on October 18, 1994. The petition alleges that the former pastor of St. Bernard United Methodist Church, (i.e., Rev.E.J.Martin) sexually molested the plaintiffs’ minor daughter.
On September 6, 1996, plaintiffs amended their petition naming Louisiana Conference of the United Methodist Church, Inc. (Louisiana Conference) as a party-defendant. Both St. Bernard and Louisiana Conference filed peremptory exceptions of no cause of action, which were maintained by the trial court. On November 25, 1996, plaintiffs filed a “Notice of Intent to Seek a Supervisory Writ” seeking review of the trial court’s judgment granting the exceptions.
Meanwhile, on November 27, 1996, plaintiffs amended their petition a second time to allege a cause of action against Church Mutual Insurance Company (Church Mutual), as the insurer of St. Bernard.
^Plaintiffs’ writ application to this Court was subsequently denied on December 27, 1996. The plaintiffs then filed a writ application with the Louisiana Supreme Court. On March 27, 1997, the Louisiana Supreme Court granted plaintiffs’ writ application and the case was remanded to the district court *1040 with instructions to treat the plaintiffs’ writ application as a petition for devolutive appeal.
On April 27, 1997, Church Mutual filed a Motion for Summary Judgment on the issue of coverage, which was granted by the trial court on July 21, 1997. Ten days later, plaintiffs filed a “Motion and Order for De-volutive Appeal” from the trial court’s judgment granting the summary judgment. Once the record was lodged with this Court, we issued an order stating that the issues pertaining to St. Bernard’s and Louisiana Conference’s exceptions were not properly before us. Further, this Court stated that the order from the Supreme- Court remanding this case to the district court with instructions was not self-executing.
Consequently, this Court, on January 28, 1998, granted the plaintiffs until February 12, 1998, to supplement the record herein with an order of appeal from the trial court. The plaintiffs failed to timely supplement the record with the order of appeal. Therefore, this Court dismissed plaintiffs’ appeal as it related to the exceptions filed and granted in favor of St. Bernard and Louisiana Conference. The record reveals that the plaintiffs, on April 21, 1998, filed a motion styled “Motion to Convert Previously Filed Notices of Intent to Apply for Supervisory Writs as Petition for Devolutive Appeal,” which was signed by the trial court on (¡April 23, 1998. Both St. Bernard and Louisiana Conference filed motions to dismiss the plaintiffs’ appeal because they failed to timely supplement the record with the order of appeal. We hereby grant Appellee’s’ motions to dismiss.

DISCUSSION

Plaintiffs, in their brief, cite various cases regarding vicarious and independent liability of church entities. However, plaintiffs make no reference to the timeliness of their order of appeal.
On the other hand, St. Bernard and Louisiana Conference argue that plaintiffs failure to abide by the deadline set by this Court for filing their order of appeal mandates that the plaintiffs’ appeal as to them should be dismissed. We agree.
In light of the Supreme Court’s remand instructing the trial court to treat plaintiffs’ pleading as a petition for devolu-tive appeal, we pretermit any discussion regarding LSA-C.C.P. art.2087. However, we note that this instruction from the high court was not self-executing because “action by the trial court was still required.” Therefore, we find that it was incumbent upon the plaintiffs to secure the order of appeal before February 12, 1997, or the appeal would be dismissed.
The order of appeal is essential in the preservation of the appellant’s right to appeal. See LSA-C.C.P. art.2088. Failure of the appellant to obtain the order of appeal forfeits his right to appeal. See Vitrano v. Vitrano, 353 So.2d 398 (La.App. 4 Cir.1977), writ not considered, 354 So.2d 1046 (La. 1978). Thus, the appellate court has the authority to dismiss an appeal on its own motion or own motion of any [party when the appellant has no right to appeal. See Deshotels v. Evangeline Parish Sch. Bd., 95-1462 (La.App. 3 Cir. 4/3/96), 671 So.2d 1136. (Emphasis added).
Because the appellants delayed having an order of appeal signed by the trial court until April 23, 1998, they have no right to appeal the judgment of the trial court granting the peremptory exceptions in favor of St. Bernard and Louisiana Conference.
Accordingly, appellees’ motion to dismiss are hereby granted.

MOTION TO DISMISS APPEAL GRANTED.