# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-728

DAVITA SMITH

VERSUS

ACADEMY SPORTS & OUTDOORS AND
ZURICH AMERICAN INSURANCE COMPANY

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 4,
## PARISH OF LAFAYETTE, NOS. 10-3420 and 10-8696
## SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of  Billy H. Ezell, James T. Genovese, and Phyllis M. Keaty, Judges.

**DEVOLUTIVE APPEAL DISMISSED IN COURT
OF APPEAL DOCKET NUMBER 16-728.**

Bryan D. Scofield
James T. Rivera
Scofield & Rivera, L.L.C.
Post Office Box 4422
100 E. Vermilion, Suite 301
Lafayette, Louisiana  70501
(337) 235-5353
Counsel for Defendants/Appellees:
        Academy Sports and Outdoors
        Zurich American Insurance Company

**Davita Smith**
**In Proper Person**
**237-A Buford Street**
**Raceland, Louisiana  70394**
**Plaintiff/Appellant**

**KEATY, Judge.**

This court, on its own motion, issued a rule to the appellant, Davita Smith (Smith), to show cause why her appeal should not be dismissed as having been taken in a case in which no final judgment has been issued in accordance with La.Code Civ.P. arts. 1841 and 2083 and for failure to satisfy the requirements of La.Code Civ.P. art. 2121 in that there is no appeal for Office of Workers' Compensation (OWC) docket number 10-8696. For the reasons that follow, we dismiss the appeal.

This appeal arises out of an alleged on-the-job injury that occurred on August 24, 2007, while Smith was employed by Academy Sports and Outdoors (Academy) store in Lafayette, Louisiana. Smith allegedly injured her back when a box of duck decoys fell on her. Academy and its workers' compensation insurance carrier, Zurich American Insurance Company (Zurich), denied that Smith was injured.

In early 2010, Academy and Zurich obtained a report from Smith's treating physician indicating that Smith was at maximum medical improvement (MMI) but would need continued treatment for chronic pain. A second medical opinion was obtained, and Smith filed a request for an independent medical examination (IME). When that examination was scheduled to be performed by a physician who had allegedly had a license status of "conditional/limited" from the Louisiana State Board of Medical Examiners, Academy and Zurich objected. Accordingly, on April 13, 2010, Academy and Zurich filed a Form 1008 seeking to change the IME physician. That filing was assigned docket number 08-588 in the OWC.

Smith did not file a Form 1008 until September 21, 2010, after her benefits had been terminated for some time.[1] That filing was assigned docket number 10-8696 in the OWC, as indicated by the citation issued to Academy when Smith's 1008 was filed. At this point, it must be noted that the parties and the OWC began to indiscriminately use one of three docket numbers (08-588, 10-3420, and 10-8696[2]) and also to indiscriminately use the captions "Academy Sports & Outdoors, et al. v. Davita Smith" and "Davita Smith v. Academy Sports & Outdoors, et al." and/or both of these captions.

A trial date of May 25, 2011, was scheduled in docket number 10-3420. That trial date was continued on Smith's motion filed in docket number 08-588. Three other trial dates were scheduled and continued on motions filed by Smith in docket number 08-588.

By order signed October 25, 2012, Smith's attorney withdrew as counsel of record, and Smith began representing herself. The motion and order to withdraw were filed in docket number 10-3420. The attorney has intervened in that docket number seeking to recover fees for services rendered.

A hearing to determine why the suit in docket number 10-8696 should not be dismissed as abandoned was set for April 28, 2014. Docket number 10-8696 was not deemed abandoned. After that hearing, an order was issued in docket number 10-3420 for a status conference to be held. A trial date of July 31, 2014, was set but was later continued upon joint motion of the parties filed in docket number 10-

---

[1] In their answer to Smith's claim, Academy and Zurich asserted an exception alleging that her claims for temporary total disability (TTD), supplemental earnings benefits (SEB), and vocational rehabilitation were prescribed. Academy and Zurich used docket number 10-3420 to file the answer, even though that is not the docket number that was assigned when Smith filed her 1008.

[2] The record does not indicate what pleading was initially filed and assigned docket number 10-3420.

3420. A trial date of December 4, 2014, was continued at Smith's request filed in docket number 08-588.

A trial was finally held on June 10, 2015. Judgment was rendered and signed on October 20, 2015, in favor of Academy and Zurich in docket number 10-3420. That judgment dismissed Smith's claims. Notice of judgment was issued on October 22, 2015. The notice of judgment bore docket number 10-8696, but the trial transcript reflected that the trial was held in docket number 10-3420.

On November 25, 2015, Smith filed a letter requesting an appeal in docket number 10-3420. An order for devolutive appeal in docket number 10-3420 was signed on December 1, 2015. No mention of docket numbers 08-588 and 10-8696 was made in either the request for an appeal or the order of appeal.

On April 29, 2016, before the appeal was lodged in this court, Academy and Zurich filed a motion in the OWC seeking to consolidate docket numbers 10-3420 and 10-8696. An order of consolidation was signed on May 2, 2016, by the Workers' Compensation Judge (WCJ). Smith filed an objection to the consolidation after the order was signed.

When the record was lodged in this court, the record in docket number 10-3420 had two volumes while the record in docket number 10-8696 had one volume and purported to be an exhibit to the record in 10-3420. This court assigned docket numbers 16-727 and 16-728 and indicated that the two docket numbers were consolidated. On its own motion, this court issued a rule to Smith to show cause why the appeal in 16-728 (lower court docket number 10-8696) should not be dismissed as there was no final judgment in that docket number and because Smith had not obtained an order of appeal in that docket number.

Despite being given an extension of time, Smith's brief in response to the rule was untimely filed. Smith relied on the consolidation of the two suits by the OWC to support her argument that the appeal in 16-728 should be maintained.

> Louisiana Code of Civil Procedure Article 2088 provides, in pertinent part, that "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal." Thereafter, the trial court retains jurisdiction "only over those matters not reviewable under the appeal." *Id.* Article 2088 lists the types of matters over which the trial court continues to have jurisdiction after an order of appeal[.]

*French Market Vendors Ass'n, Inc. v. French Market Corp.*, 12-964, p. 14 (La.App. 4 Cir. 2/13/13), 155 So.3d 514, 523, *writ denied*, 13-657 (La. 5/3/13), 113 So.3d 215.

However, in *Rhyne v. OMNI Energy Services Corp.*, 14-711, p. 6 (La.App. 3 Cir. 12/10/14), 155 So.3d 155, 159, *writ not considered*, 15-76 (La. 3/27/15), 161 So.3d 649, this court noted that "[w]hen two cases are consolidated, they each retain their own status as separate procedural entities." "[C]onsolidation is 'a procedural device which allows a trial court to deal with similar issues of law or fact in one trial; it does not merge the parties, affect the running of delays, or authorize consolidation of judgments or appeals.'" *Id.*, *quoting Davis v. Am. Home Prods. Corp.*, 95-1035, p. 1 (La. 5/19/95), 654 So.2d 681, 681. Accordingly, we do not consider the consolidation of the two docket numbers in the OWC as controlling over the procedure by which the appeals will be considered in this court.

In this instance, Smith's claims against Academy and Zurich were assigned docket number 10-8696 by the OWC. However, trial was held in docket number 10-3420, and judgment was rendered in docket number 10-3420, which was the docket number assigned to Academy and Zurich's claims against Smith. These claims were not consolidated with Smith's claims until after a judgment in 10-3420

4

had already been issued and after an order of appeal of that judgment had already been signed. Therefore, no ruling has been made in docket number 10-8696. "It is fundamental that a judgment is the basis for an appeal[,] and[,] without a judgment[,] an appeal may not be considered." *Dupree v. State*, 56 So.2d 155, 155 (La.App. 2 Cir. 1951).

Smith did not obtain an order of appeal in docket number 10-8696, and La.Code Civ.P. art. 2121 requires that an order of appeal be obtained "from the court which rendered the judgment."

> The order of appeal is essential in the preservation of the appellant's right to appeal. *See* LSA-C.C.P. art.2088. Failure of the appellant to obtain the order of appeal forfeits his right to appeal. *See Vitrano v. Vitrano*, 353 So.2d 398 (La.App. 4 Cir.1977), *writ not considered*, 354 So.2d 1046 (La.1978). Thus, the appellate court has the authority to dismiss an appeal on its own motion or [on] motion of any party when the appellant has **no right to appeal**. *See Deshotels v. Evangeline Parish Sch. Bd.*, 95-1462 (La.App. 3 Cir. 4/3/96), 671 So.2d 1136. (Emphasis added).

*Stein v. Martin*, 98-1370, pp. 3-4 (La.App. 4 Cir. 11/18/98), 723 So.2d 1038, 1040, *writ denied*, 98-3156 (La. 2/26/99), 730 So.2d 442.

We hereby dismiss the appeal in docket number 16-728 (lower court docket number 10-8696) because there has been no judgment issued in that docket number and because no order of appeal was obtained in docket number 10-8696. Smith's appeal in docket number 16-727 (OWC docket number 10-3420) remains before this court. However, simultaneously with the issuance of this opinion, this court is issuing an order to the OWC to supplement the record in this court's docket number 16-727 with the complete pleadings and all other filings in OWC docket number 10-3420 within thirty days of the issuance of this opinion. The order will further direct the OWC to supply the complete pleadings and all other filings in OWC docket numbers 08-588 and 10-8696 as exhibits to the appellate record in this court's docket number 16-727. The order will also suspend briefing deadlines

5

in this court's docket number 16-727 until the supplementation of this record is completed by the OWC.

**DEVOLUTIVE APPEAL DISMISSED IN COURT OF APPEAL DOCKET NUMBER 16-728.**