PRICE, Judge.
This appeal questions the validity of a default judgment on allegations that the evidence presented to the court below did not establish a prima facie case in favor of plainti f f-app ellee.
Plaintiff, Robertson Factories, Inc., filed suit against defendants, Southern Apartment Furnishings, an alleged partnership, and Harry G. Prophit, Jr., Harry G. Pro-phit, III, I. W. Knippers and Eddie Knip-pers, the alleged partners composing Southern Apartment Furnishings. The *146 record reflects a judgment by default was rendered in favor of plaintiff against all defendants, in solido, upon introduction of the record containing plaintiff’s petition, the returns of service of process on all defendants, attached invoices, statement of account and an affidavit of the correctness of the account. From this judgment all defendants, with the exception of Eddie Knippers have appealed devolutively to this court.
Appellants argue that plaintiff has failed to establish a prima facie case because of insufficiency of the evidence in the following respects:
(1). There is no evidence in the record to show the existence of a partnership, the type of partnership and the existence of solidary liability on the part of the partners.
(2). Secondly, it is contended there are inconsistencies in the invoices, statements of account, and affidavit of the correctness of the account with respect to the name of the person or legal entity which allegedly made the purchases forming the basis of the account and as there is no testimony offered to clarify these irregularities, it is apparent on the face of the record a prima facie case was not established by the evidence presented on confirmation of default.
We express no opinion as to the first contention of appellants because of our conclusions in regard to the remaining attack on the validity of the default judgment.
An examination of the record reveals that the statement of account and the affidavit of correctness of the account name Southern Apartment Laundries as the debt- or. Appellants contend this is a separate legal entity made up of different persons as partners from those composing Southern Apartment Furnishings. In addition a number of the invoices attached to the statement of account are addressed to “Southern Apartments” and show shipping instructions to different addresses than that of the named defendant, Southern Apartment Furnishings.
Plaintiff argues on appeal that there is a strong presumption in an appeal from a judgment by default that the trial court judgment is valid and rendered upon presentation of sufficient evidence. Citing Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972).
This rule is subject, however, to the following qualification as pronounced by the Supreme Court in Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902 (1970):
“While we are cognizant of the jurisprudence that the trial judge is presumed to have had sufficient evidence before him to render a confirmation of default judgment and great weight is given to statements in the judgment that it was rendered ‘upon due proof’, the fact remains that this is only a prima facie presumption and may be overcome by evidence to the contrary. This court declared in its early decision in the case of Hubbel v. Clannon, 13 La. 494 (1839) that the presumption that judicial proceedings were regular obtains only when the contrary does not appear in the record. See Massey v. Consumer’s Ice Company of Shreveport, Inc., 223 La. 731, 66 So.2d 789; Vehrs v. Jefferson Ins. Co., La.App., 168 So.2d 873; Clark v. Richardson, La.App., 157 So.2d 325; Miller v. Rollins, La.App., 111 So.2d 146.”
See also Ascension Builders, Inc., supra.
It is settled law in Louisiana that a plaintiff who seeks judgment by default must prove every essential element of his petition as if it had been denied. Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162 (1962).
The record in the instant proceeding contains a transcription of the actions *147 taken in open court upon confirmation and clearly reflects no explanatory testimony was given to erase the uncertainty and doubt shown by the exhibits as to whether the debt sued on was owed entirely by the legal entity named by plaintiff as its debt- or.
For the foregoing reasons the judgment in favor of Robertson Factories, Inc., and against Southern Apartment Furnishings, Harry G. Prophit, Jr., Harry G. Prophit, III, and I. W. Knippers is set aside and the case is remanded to the Fourth Judicial District Court for the Parish of Ouachita for further proceedings. All costs to await final determination of the matter.