422 So.2d 670 (1982)
CENTRAL FIDELITY BANK, Plaintiff & Defendant-In-Intervention-Appellant,
v.
Kenneth Lee GRAY, Defendant,
Joseph H. Nelson, Defendant & Plaintiff-In-Intervention-Appellee.
No. 82-290.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*671 Edward A. Kaplan, Alexandria, for plaintiff & defendant-in-intervention-appellant.
Stafford, Stewart & Potter, Walter E. May, Alexandria, for defendant & plaintiff-in-intervention-appellee.
Before FORET, CUTRER and STOKER, JJ.
STOKER, Judge.
This is an appeal by Central Fidelity Bank (Central) from a judgment in favor of Joseph Nelson, plaintiff-in-intervention, awarding him damages for tortious conversion. We affirm.
The automobile which is the subject of this litigation, a 1979 Mark Five, was security for a loan made by Central to Kenneth Gray. Both of these parties are domiciled in Virginia. Upon Gray's default in payment on the loan, Central began efforts to repossess the car. Gray signed a statement saying that he had loaned the car to Nelson in Alexandria, Louisiana, and authorized Central to assign it for repossession. After an unsuccessful attempt to repossess the car from Nelson, Central filed suit for non-resident attachment against Gray for his default on the loan and named Nelson as garnishee.
A writ of attachment was issued to Nelson for the car, but the serial number on it was incorrect. Nelson then filed his petition of intervention seeking damages for wrongful issuance of the writ and asserting ownership of the car by virtue of purchase from Gray for $7,000 plus an additional $2,000 to be paid when he received the certificate of title. Gray never supplied the title. Another writ of attachment with the correct serial number was issued to Nelson on July 24, 1980, by which time Nelson had reported that the car had been stolen.
On July 31, 1980, Central dismissed its suit against Gray on its own motion, leaving only the demand by Nelson in intervention to be litigated. Nelson amended his petition on August 14, 1980, seeking damages for tortious conversion of the car by Central. By this time Nelson had determined that the car was back in Central's possession. In answers to interrogatories propounded to it Central indicated it was informed on August 14, 1980, by Gray that he had the car and that it could be picked up at his home.
After trial on the merits, the trial court rendered judgment in favor of Nelson ordering Central to either return the car or refund the purchase price of $7,000 to him. The court awarded Nelson damages in the amount of $1,500 arising from what it determined to be a conversion.
The primary issues raised by appellant are the correctness of its contentions that:
*672 (1) Nelson did not own the car and, therefore, he did not have a valid cause of action against Central, and (2) Nelson did not prove that Central took the car.
In support of its contention that Nelson did not own the car, Central cites numerous authorities holding that a certificate of title is necessary to support a valid sale in Virginia. It also cites authority for the proposition that a foreign chattel mortgage, valid under the laws of the state in which it was executed, should be enforceable against a good faith purchaser in Louisiana. However, in each of the cases cited in brief, the lienholder was seeking relief through proper legal remedies and not availing himself on self-help. There is little doubt that Central would have prevailed against Nelson through the use of legal remedies.
The common law tort of conversion has been long recognized in Louisiana as a quasi offense under LSA-C.C. art. 2315 and defined as an "... act of dominion wrongfully exerted over another's property in denial of or inconsistent with the owner's rights therein." Lincecum v. Smith, 287 So.2d 625 (La.App. 3rd Cir.1973), writ refused, 290 So.2d 904 (La.1974). Although the jurisprudence of this state indicates that the plaintiff in a conversion action must be the owner of the disputed property, we do not reach the issue of ownership here inasmuch as we base our decision on other grounds.
In this case, Nelson offered sufficient evidence to show that he was the rightful possessor of the car by virtue of his purchase from Gray despite the fact that Central might have prevailed in proper proceedings to enforce its lien. As the rightful possessor, Nelson is entitled to bring an action for damages against Central under LSA-C.C. art. 2315.
In McVay v. McVay, 318 So.2d 660 (La. App. 3rd Cir.1975), a dispute arose between parties who were judicially separated when the husband deliberately took a community owned car then in the possession of his wife, hid it, and deprived her of its use. (The community had not been partitioned, and the car was therefore owned in indivision by the husband and wife.) This court awarded damages to the wife under LSA-C.C. art. 2315. Although the issue in that case was co-ownership rather than non-ownership, the principle established there is applicable here. Nelson had a legal right to retain the car until proper proceedings were brought against him and until such time as he was ordered by the court to release it to Central.
Louisiana has recognized the rights of possessors in other matters. In Folse v. State, Department of Highways, on remand, 377 So.2d 511 (La.App. 3rd Cir.1979), compensation was awarded to possessors of land which was expropriated even though they could not prove title. The plaintiffs were compensated for the value of their possession of the land. A party who may have superior rights cannot avail himself of extra-judicial remedies and plead non-ownership of the possessor as a defense.
Central also asserts that Nelson failed to prove that it took the car. In support of this claim Central refers to this court's statement in Lincecum, supra, holding that:
"One is not liable for a conversion by another person where he did not direct, advise, participate in, or benefit from it, and he does not bear such a relationship to the latter person as would make him responsible for his act."
Despite the fact that Lincecum clearly dealt with a conversion, the standard of proof set out therein may well be applicable in similar situations. However, it was clear in Lincecum that another person had actually committed the act of conversion. In the case at bar, the identity of the individual who actually took the car is not established. It is undisputed, however, that the car was ultimately found in Central's possession.
In McGuire v. Monroe Scrap Material Co., 189 La. 573, 180 So. 413 (1938), the Supreme Court found the defendants liable for tortious conversion because the circumstances created a presumption that defendants had appropriated plaintiff's machines. The defendants were found in possession of the machines, parts of which had been severed *673 by a blowtorch. It was certain that defendants used a blowtorch in their business. The court held that defendants' testimony that they had no idea how the machines came into their possession did not rebut the presumption that they had appropriated the machines.
Central explains its possession of the car through responses to discovery questions by assertions that Gray had contacted them and told them to pick up the car at his house. Two weeks prior to Gray's contact Central had voluntarily dismissed its suit against Gray, but it was nevertheless aware that Nelson's intervention for damages was still pending in which he asserted his ownership of the car. The circumstances of this case were sufficient to support the trial court's finding that Central was liable to Nelson for damages suffered because of loss of the car. The trial court's evaluation of the evidence and determination of credibility are not clearly wrong. The judgment awarding Nelson the return of the purchase price or the car plus $1,500 in damages is not excessive.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-in-intervention appellant, Central Fidelity Bank.
AFFIRMED.