ARMSTRONG, Judge.
Defendant, Roger Boes, appeals a default judgment obtained against him by plaintiff, Sencore, Inc. d/b/a Sencore Auction Services, for the value of property that he took.
Sencore, Inc. sued defendants, Mickey Boes, Roger Boes and Boes Iron Works, Inc. and an answer was filed only on behalf of Boes Iron Works, Inc. Sencore, Inc. took a preliminary default against Roger Boes and Mickey Boes and thereafter confirmed that preliminary default and obtained a judgment against Roger Boes. It dismissed by oral motion its claims against Mickey Boes. Sencore, Inc. formally dismissed the claim against Mickey Boes on June 19, 1989, after learning that it is Roger Boes’ nickname, while the claim against Boes Iron Works, Inc. was voluntarily dismissed by Sencore, Inc. on June 19, 1989.
The following evidence was obtained at trial:
The president of Sencore, Inc. was the auctioneer on behalf of the Port of New Orleans for the Todd Shipyard Company. Roger Boes prepared and submitted a buyer’s registration card or bidder’s card in the name of Boes Iron Works and listed the company address, phone number and tax number on the card. The president of Sencore, Inc. went to the office of Boes Iron Works where Mr. Boes fully admitted he took the items and offered restitution. While Mr. Boes and his employees were checking out the items he purchased, a Sencore check-out person who replaced Marcus Touchet, was present in the room.
In his first assignment of error Mr. Boes relies on Central Fidelity Bank v. Gray, 422 So.2d 670 (La.App. 3d Cir.1982) in asserting that Sencore, Inc. had no proprietary interest in the property which is the subject of this lawsuit. It had an auctioneer relationship with the Port of New Orleans and Todd Shipyards. Mr. Boes insists that Sencore, Inc. must prove whether the auction agreement invested ownership or proprietary interest in it in order to maintain a cause of action for conversion.
In connection with the holding of the auction, Sencore, Inc. was required to sell *1156 the property to various bidders and to collect the purchase price from them on behalf of their client. The action herein was a fulfillment of their duty to collect the purchase price of items sold at auction. Sen-core, Inc. was a “rightful possessor” within the contemplation of the Central Fidelity Bank case.
In the case of Peloquin v. Calcasieu Parish Police Jury, 367 So.2d 1246, 1251 (La.App. 3d Cir.1979), the court stated that:
We conclude that a possessor has the same rights as an owner of a movable to sue for damages for conversion thereof by the defendant ...
In his second assignment of error Mr. Boes insists that he acted in a corporate capacity and not in an individual capacity at the auction. He cites Robertson Factories, Inc. v. Southern Apartment Furnishings, 316 So.2d 145 (La.App. 2d Cir.1975) to support his contention that Sencore, Inc. failed to clarify the uncertainty as to who was the proper party. The buyer’s card signed by Mr. Boes and introduced into evidence at the trial of the case registered one Roger Boes. The company name on the second line was listed as “Boes Iron Works.” There was no indication thereon whether “Boes Iron Works” was a corporation or a sole proprietorship.
The cause of action alleged and proved in the trial court was a misappropriation of another’s property under the direction of Roger Boes. La.R.S. 12:95 states as follows:
Nothing in this chapter shall be construed as in derogation of any rights which any person may by law have against a promoter, subscriber, shareholder, director or officer, or the corporation, because of any fraud practiced upon him by any of such persons of the corporation, or in derogation of any right which the corporation may have because of any fraud practiced upon it by any of these persons.
In the case of Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985), the Supreme Court held:
An employee cannot shield himself behind a corporate wall when he is the officer responsible for the corporation’s acts in a particular transaction.
The evidence submitted at the confirmation of the default established that Roger Boes was an employee of Boes Iron Works, that he directed or controlled the removal of the items and that he was directly involved in the commission of a tort-conversion. Since this is not a contract case, he should not be permitted to hide behind the corporate veil to escape liability.
Thirdly, Mr. Boes argues that it was error for the trial court to grant judgment against him in the instant case when there remains to be tried the exact claims against Boes Iron Works in the district court. He cites La.C.C.P. art. 1915 subsection A.(l) which allows the trial court to proceed as to one defendant only when the claims as to the other defendants are dismissed. Mr. Boes also cites McDonald v. Book, 215 So.2d 394 (La.App. 3d Cir.1968) in arguing that this piecemeal approach to litigation is disfavored in Louisiana. Furthermore, he argues that La.C.C.P. art. 1915 discourages against separate trials because of the likelihood of inconsistent results or a plaintiff collecting twice on the same claim.
The case at bar involved the taking of a default judgment against one of the defendants and not an actual contested trial with respect to other named defendants. The case of Vehrs v. Jefferson Insurance Company, 168 So.2d 873 (La.App. 3d Cir.1964), writ refused 247 La. 256, 170 So.2d 511 (1965), is analogous to this case. In Vehrs the court stated:
LSA-C.C.P. Art. 1701 clearly provides that: If a defendant in the principal or incidental action fails to answer within the time prescribed by law, judgment may be rendered against him ... (emphasis supplied).
This language seems to clearly state that if one of several defendants fails to answer, judgment may be taken against the defendant without waiting for trial on the merits as to any defendants who did not file answers. If a judgment on a claim has been satisfied by one of the defendants, as is the case in the present matter, any other defen *1157 dant is entitled to plead satisfaction as a defense to a claim against it based on the same cause of action. La.C.C. art. 1794 provides:
A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
Thus, Boes Iron Works could not be compelled to pay the claim when it has already been paid by Roger Boes.
Finally, Mr. Boes insists that Castellon v. Nations, 186 So.2d 708 (La.App. 4th Cir.1966) supports its contention that Sencore, Inc. was not entitled to a default judgment because it was bound by the allegations of its pleadings, which it can not prove. He also cites Robertson Factories, Inc. v. Southern Apartment Furnishings, 316 So.2d 145 (La.App. 2nd Cir.1975) which states:
Plaintiff who seeks judgment by default must prove every essential element of his petition as if it had been denied.
Mr. Boes argues that Sencore, Inc. cannot prove its allegations because the property at issue was taken by mistake not by illegal or fraudulent means. However, Sen-core, Inc.’s petition states two separate causes of action. The first, a claim for the return of merchandise or its monetary value taken by defendant without his having paid for it. The second cause of action was for damages (attorney’s fees) incurred by Sencore, Inc. as a result of defendant’s unlawful or fraudulent acts. Only in the second cause of action, for which recovery was denied, did Sencore, Inc. allege fraud or illegal acts. We agree with the trial court that the record does not reveal any fraudulent acts on the part of Roger Boes.
Sencore, Inc. observes however that Mr. Boes has distorted the requirements for a default judgement in the cases he presents. It relies on Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962) in which the Supreme Court stated the requirements to be as follows:
Under the law of this state, the plaintiff who seeks a judgment by default must prove the essential allegations of his demand as fully as if they had been specially denied, for, in order to recover, he must make his claim certain, (emphasis supplied).
Therefore proof of every element of the petition is not required before a plaintiff is entitled to a default judgment, only every element of his demand. Sencore, Inc. did prove every element of its demand for the value of the merchandise taken by Mr. Boes.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
LOBRANO, J., concurs with reasons.